Bonnie McLAUGHLIN, Plaintiff-Respondent,

v.

Edgar McLAUGHLIN, Defendant-Appellant.

No. 32983.

St. Louis Court of Appeals.

Missouri.

April 16, 1968.

Edgar McLaughlin, Thomas B. Maue, Clayton, pro se.

Hal B. Coleman, Coleman, Ross & Cekovsky, Clayton, for respondent.

CLEMENS, Commissioner.

Soon after filing this divorce suit the plaintiff reconciled with her husband, discharged her attorney, and personally filed a memorandum dismissing her case. The attorney then forged ahead—under his own power—to prosecute and prevail on the wife's prior motion for allowances pendente lite. Over the husband's protests the trial court granted the motion so far as it included attorney fees, and rendered a $381 judgment against the husband. He appeals.

The sequence of events: On May 2, 1967, Mrs. Bonnie McLaughlin by her attorney, Hal B. Coleman, filed a petition for divorce against Edgar McLaughlin. The next day Mr. Coleman filed a motion for allowances pendente lite, including attorney fees. A week or so later the McLaughlins reconciled and she discharged Mr. Coleman. On May 19, 1967, Mrs. McLaughlin went to the courthouse and personally filed a memorandum to dismiss her case. The trial judge wrote Mrs. McLaughlin "advising that he would not permit a dismissal of the suit unless the memorandum was signed by the attorney of record." Learning of Mrs. McLaughlin's attempted dismissal, Mr. Coleman had her motion for allowances set down for hearing.

It was called up on June 13, 1967. Defendant Edgar McLaughlin protested. He asked the court to deny the motion or to dismiss the case because (1) Mrs. McLaughlin had filed a voluntary dismissal of the case, (2) she had discharged Mr. Coleman, (3) Mr. Coleman had no interest in the suit, and (4) the parties had reconciled. The court took the motion under advisement and went ahead with the hearing.

Mr. Coleman had subpoenaed Mrs. McLaughlin to attend the hearing. She appeared and he cross-examined her as an adverse witness "since quite obviously her interests were now adverse to his." Mrs. McLaughlin testified she had employed Mr. Coleman and had detailed her own considerable financial means. She knew nothing about the motion for temporary allowances but had heard Mr. Coleman say "something about my husband would pay the attorney's fees." Mr. Coleman had also subpoenaed Mr. McLaughlin to the hearing and cross-examined him about finances. Mr. Coleman then took the stand and testified that Mrs. McLaughlin had employed him but "my services * * * were terminated by her at the time of the reconciliation." His testimony sustained the amount of his fee.

We have before us a spectacle that is abnormal, if not bizarre: an attorney purporting to act for a client who had discharged him. Mrs. McLaughlin's right to discharge Mr. Coleman cannot be questioned. (In re Downs, Mo., 363 S.W.2d 679[1].) The attorney-client relationship is, in a higher sense, that of agent and principal. An attorney advocates but does not litigate; he acts not for himself but as his client's alter ego. (State ex rel. A. M. T. v. Weinstein, Mo.App., 411 S.W.2d 267[3, 5].) It follows that when an attorney is discharged he no longer acts for his former client. Here, Mr. Coleman admits Mrs. McLaughlin discharged him and that his own interest then became adverse to hers. Despite this, he professes—both in the trial court and here—to represent Mrs. McLaughlin and to obtain and uphold a judgment for her against her husband.

We hold that once an attorney-client relationship is severed the attorney cannot prosecute a motion for allowances pendente lite, since he no longer acts in his

client's behalf and cannot act in his own behalf because he is not, nor ever was, an interested party to the action. (Hogsett v. Hogsett, Mo.App., 409 S.W.2d 232[3, 4]; Kaltwasser v. Kaltwasser, Mo.App., 197 S.W.2d 102[1].) Nor does the lawyer have a personal interest in the allowances, because allowances pendente lite are akin to alimony—personal to the wife. (Knebel v. Knebel, Mo.App., 189 S.W.2d 464[1].) The trial court should have denied the motion for allowances on Mr. McLaughlin's asserted grounds that Mr. Coleman did not represent Mrs. McLaughlin and had no interest in the suit.

In addition to Mr. McLaughlin's motion to deny the allowances, he moved the trial court to dismiss the divorce case. This, on the ground that Mrs. McLaughlin had filed a voluntary dismissal. We do not now consider the trial court's original failure to act on Mrs. McLaughlin's memorandum when she filed it; then Mr. Coleman was attorney of record and the authenticity of Mrs. McLaughlin's memorandum was not established. What we do now consider is the trial court's failure to dismiss the suit at the close of the hearing. By that time it was clear that Mrs. McLaughlin had discharged Mr. Coleman and had voluntarily filed the memorandum for dismissal. This issue of dismissal was still alive, since the court had taken Mr. McLaughlin's motion under advisement.

█ Civil Rule 67.01, V.A.M.R., and the statute from which it sprung, § 510.130, V.A.M.S., state: "A plaintiff shall be allowed to dismiss his action without prejudice at any time before the same is finally submitted * * * to the court, and not afterward." It is widely recognized that a divorce-suit plaintiff has an absolute right to dismiss before submission except when the defendant has asked for affirmative relief. (See Annotation, "Right of plaintiff * * * in action for divorce * * to a voluntary dismissal or nonsuit," in 138 A.L.R. 1101, § II; and State ex rel. Grace v. Connor, Mo.App., 219 S.W.2d 867[5].)

In his brief Mr. Coleman challenges Mrs. McLaughlin's right to dismiss her suit without his consent. He points to the qualification of a plaintiff's right to dismiss when that "would injuriously affect other interested persons." Courts have applied this qualification when a suit concerned matters of public interest. (State ex rel. Big Bend Quarry Co. v. Wurdeman, 309 Mo. 341 [banc], 274 S.W. 380[1–3]; Krisman v. Unemployment Compensation Commission, 351 Mo. 18, 171 S.W.2d 575[4–7].) But if there was any public interest here it was enhanced, not harmed, by the McLaughlins' reconciliation and the dismissal of her divorce suit. Nor was Mr. Coleman an injured, interested person. He had no interest whatever in the divorce suit; his interest was personal to him and was limited to Mrs. McLaughlin's liability to pay him for his services.

█ As said, at the close of the hearing the issue of dismissal was still alive. Both parties had asked the court to dismiss the suit. The trial court should have honored Mrs. McLaughlin's right to dismiss her suit, and on Mr. McLaughlin's motion should have dismissed the petition.

█ The costs herein must be taxed in favor of the appellant husband, who prevailed here. Civil Rule 83.17, V.A.M.R. But an unusual situation confronts us in deciding against whom the costs should be taxed. From the time Mrs. McLaughlin filed her memorandum of dismissal all ensuing proceedings were instigated by Mr. Coleman, whose asserted interest was personal to him and adverse to Mrs. McLaughlin. Those costs cannot in fairness be taxed against her. By contrast, Mr. Coleman was an unsuccessful intervenor, and as such is liable for those costs. Civil Rule 77.20, V.A.M.R.

The judgment is reversed, and the cause is remanded with directions to dismiss the petition. Costs incurred herein after the plaintiff filed her memorandum of dismissal on May 19, 1967, are to be taxed against

Mr. Hal B. Coleman, original attorney for the plaintiff.

PER CURIAM.

The foregoing opinion of CLEMENS, C., is adopted as the opinion of this court. Accordingly, the judgment is reversed, and the cause is remanded with directions to dismiss the petition. Costs incurred herein after the plaintiff filed her memorandum of dismissal on May 19, 1967, are to be taxed against Mr. Hal B. Coleman, original attorney for the plaintiff.

ANDERSON, P. J., and BRUCE NORMILE and SAMUEL E. SEMPLE, Special Judges, concur.