Bonnie McLAUGHLIN, Plaintiff-Respondent,

v.

Edgar McLAUGHLIN, Defendant-Appellant.

No. 33162.

St. Louis Court of Appeals.

Missouri.

Feb. 3, 1969.

Edgar J. McLaughlin, Clayton, for defendant-appellant.

Coleman, Ross & Cekovsky, Clayton, for plaintiff-respondent.

## OPINION

WOLFE, Judge.

This appeal arises out of a divorce case wherein the parties became reconciled, and plaintiff discharged her attorney and went to the courthouse and personally filed a memorandum dismissing her case. She was not allowed to dismiss her case and the court later called up a motion for attorney's fees and allowed the sum of $350.00 impressed with a lien in favor of the plaintiff's former lawyer. The defendant appealed, and in the case of McLaughlin v. McLaughlin, Mo.App., 427 S.W.2d 767, we reversed the judgment of the trial court and taxed the costs against the attorney who had been discharged by the plaintiff and dismissed the petition for divorce.

The matter we are here considering took place after the appeal above mentioned. While that appeal was pending the attorney who had been discharged by the plaintiff filed a motion for "Expenses, Costs and Attorney's Fees on Appeal." This motion was heard by the court and the plaintiff again testified that she had discharged her attorney and that the motion for fees and costs on appeal was filed without her knowledge or consent and that she did not wish to oppose the appeal. Despite this testimony the court sustained the motion and entered a judgment against the defendant for $300.00 as attorney's fees and $50.00 as expenses to defend the appeal. It also ordered that the judgment be impressed with a lien in the amount of $300.00 in favor of the former attorney for plaintiff with the power to "levy and execute."

In McLaughlin v. McLaughlin, supra, we stated that the lawyer who had represented Mrs. McLaughlin and whom she had discharged " * * * had no interest whatever in the divorce suit; his interest was personal to him and was limited to Mrs. McLaughlin's liability to pay him for his services." The same rule applies here and the judgment here appealed from bearing the date of December 8, 1967, awarding costs and attorney's fees against the defendant is reversed, all at the cost of the attorney who filed and prosecuted the motion.

ANDERSON, P. J., and RUDDY, J., concur.