**Charles James ULDRICH,
Plaintiff-Respondent,**

v.

**Jesse M. THARP and Mary Ellen Tharp,
his wife, Defendants-Appellants.**

**No. 10037.**

Missouri Court of Appeals,
Springfield District.

Feb. 14, 1977.

Clyde A. Butts, R. Jack Garrett, West Plains, for plaintiff-respondent.

Ray Lee Caskey, Alton, for defendants-appellants.

PER CURIAM.

Default judgment quieting title to certain Oregon County lands in plaintiff was entered by the trial court. Thereafter, defendants filed what was denominated as "Motion and Affidavit for New Trial" in which they sought to have the judgment set aside. The court denied the motion and this appeal followed. We affirm.

We were initially inclined to dismiss this appeal because of serious deficiencies in the transcript filed by defendants and the shortcomings of their appellate brief. However, since the parties approved the transcript and we are able to glean the determinative issue from it and the briefs we will rule the single issue of whether the trial court was guilty of an abuse of discretion in refusing to set aside and vacate the default judgment.

The action of a trial court in sustaining or overruling a motion to set aside a default judgment is generally within its sound judicial discretion. *Whitledge v. Anderson Air Activities,* 276 S.W.2d 114 (Mo. 1955). The general rule is that the court should exercise its discretion in favor of a trial on the merits, where the application or motion to set aside discloses a meritorious defense, reasonable diligence or excuse for default is shown, and no substantial injury to plaintiff will result from delay. *Whitledge v. Anderson Air Activities,* supra, 276 S.W.2d at 116.

Defendants' motion did not pass the first test in that it failed to allege any *facts* showing they had a meritorious defense to the action. Defendants' allegation they had a meritorious defense is nothing more than a mere conclusion. The *facts* constituting the proposed defense must be set forth in detail so that the court may judge whether it is meritorious and sufficient. *Gorzel v. Orlamander,* 352 S.W.2d 675 (Mo.1961).

Defendants' motion to set aside the default judgment was, as a matter of law, properly overruled.

The judgment is affirmed.

ALL CONCUR.