Edward C. CODY, Respondent,

v.

Donald C. PLACKE, Jr., Debtor,

**Placke Toyota, Garnishee, Appellant.**

No. 49920.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 31, 1985.

Motion for Rehearing and/or Transfer
Denied Jan. 28, 1986.

Barry Steven Ginsburg, Clayton, for appellant.

Mark Stephen Howenstein, St. Louis, for respondent.

SNYDER, Judge.

Donald C. Placke, Jr. appeals from an order of the trial court denying his motion to quash a garnishment and execution filed by respondent Edward C. Cody to recover the attorney's fees awarded Cody for his representation of appellant's former wife in their dissolution action. The judgment is affirmed.

The motion to quash was submitted to the trial court by the parties on briefs and a joint stipulation of facts. The following facts were stipulated to by the parties: A dissolution action between appellant Placke and his wife was heard and submitted on May 30, 1984. On that date, Cody was no longer wife's attorney, having been discharged by her. Cody appeared at the hearing, filed his motion for attorney's fees and testified concerning those fees. In its decree of dissolution, the trial court awarded wife her attorney's fees and costs, including an award to Cody for his fees and costs. Cody subsequently filed a garnishment action against appellant to enforce the judgment.

The record on appeal consists solely of a legal file containing only (1) Cody's request for garnishment and execution, (2) appellant's motion to quash, (3) the parties' stipulation of facts, (4) the order denying appellant's motion to quash, and the minutes of the trial court proceeding.

Both parties, however, have attached addenda to their briefs consisting of copies of documents from the dissolution proceeding including: (1) wife's petition for dissolution of. marriage, (2) Cody's motion for attorney's fees, (3) the dissolution decree, (4) appellant's motion for new trial, and (5) the trial court order denying appellant's motion for a new trial.

The record does not show whether these documents were before the trial court in its consideration of appellant's motion to quash the garnishment, a separate cause of action from the dissolution action. Possibly the briefs filed by the parties for the trial court contained or alluded to these documents. Copies of the parties' trial court briefs also were not submitted in the record on appeal.

This court is reluctant to consider these documents on appeal because they may not have been part of the record before the trial court. An appellate court's effort to determine the propriety of the judgment of a trial court is seriously undermined when it does not know what matters were in fact before, and considered by, the trial court when it reached its decision. Attorneys should adhere to prescribed appellate practice. When anything material is omitted from the record on appeal, the parties should augment the record by joint stipulation or by a supplemental legal file. Rules 81.12(e); 81.14(e).

Attorneys' failures to follow the procedural safeguards guaranteeing consideration of only materials that are properly certified as true are not condoned; nevertheless, because neither side disputes the accuracy of the attachments, the merits of the appeal will be addressed.

Appellant states the trial court erred in failing to quash the garnishment because it was issued upon a judgment that was rendered without jurisdiction. A valid judgment and a valid execution are indispensable prerequisites to a valid garnishment because garnishment is a procedure in aid of execution. *Carver v. Carver*, 673 S.W.2d 92, 95[3] (Mo.App.1984). Appellant challenges the judgment awarding Cody attorney's fees in the dissolution action and contends the judgment is void because Cody, who wife had discharged as her attorney prior to the dissolution hearing, was not a party to the action and because his motion for attorney's fees was heard without notice to appellant.

Section 452.355 RSMo.1978 authorizes the court from time to time to order a party to pay a reasonable amount for the cost to the other party for maintaining or defending the dissolution action. The award of those fees may be made directly

to the attorney who has the authority to enforce the order in his or her own name. *State ex rel. Carlson v. Aubuchon,* 669 S.W.2d 294, 296 (Mo.App.1984).

■ The trial court specified in its dissolution decree that "Respondent [appellant] is ordered to pay to Michael C. Walther, Petitioner's attorney, the sum of $5,000.00 as and for attorneys fees and the sum of $1,057.00 as and for expenses; Respondent is ordered to pay to Edward C. Cody the sum of $1,700.00 as and for additional attorneys fees and the sum of $348.00 as and for expenses." In light of § 452.355, there is no question that a trial court in a dissolution action has the jurisdiction to award an attorney his fees. The issue is whether "attorney" as used in § 452.355 RSMo.1978 includes counsel previously discharged.

No cases were cited which meet this question squarely. Appellant's reliance on *McClaughlin v. McClaughlin,* 427 S.W.2d 767 (Mo.App.1968) is misguided. *McClaughlin* held where wife had previously discharged her counsel and dismissed her divorce petition, the attorney could not prosecute a separate motion for attorney's fees since he no longer represented the wife and had no personal interest in the suit. *Id.* at 768–69. *McClaughlin* is readily distinguishable, however, because it was decided prior to the enactment of § 452.355 RSMo.1978 in which the legislature expressly permitted awards for attorney's fees in dissolution actions to be made directly to the attorney and granted the attorney the right to enforce the order in his own name.

*Raines v. Raines,* 583 S.W.2d 564 (Mo. App.1979) is more instructive. In *Raines,* wife had three attorneys representing her during the pendency of her dissolution action. The trial court did not allow fees to wife's first two attorneys who had been discharged by her, without apparent cause, on the dates when hearings were set. The court heard evidence on their fees at the hearing on the motion for reconsideration but refused to make an award stating it lacked jurisdiction over matter not presented at the original hearing on the divorce.

This court reversed, holding that the trial court had jurisdiction because (1) the issue of fees was raised at the original hearing; (2) the trial court had indicated it would judicially notice the court file which reflected the work, at least in part, done by these two attorneys; and (3) the issue was timely raised by proper post-trial motion. *Id.* at 568.

■ In *Mills v. Mills,* 663 S.W.2d 369 (Mo.App.1983), although the husband challenged only the reasonableness of the amount of the fees and his ability to pay the attorney's fees awarded wife, and not the trial court's authority to make the award, this court approved the award of attorney's fees to wife who had retained two attorneys. *Id.* at 374. *Mills* tacitly supports the proposition that § 452.355 authorizes payment of attorney's fees to a previously discharged attorney. Here the trial court at the dissolution hearing had jurisdiction to enter the award of attorney's fees to Cody, wife's former counsel; therefore, the judgment underlying the garnishment action is valid and subject to enforcement.

Appellant further complains that Cody was asking for his fees at his own behest and not at wife's request. The issue appellant appears to interject is whether a court may award attorney's fees to an attorney previously discharged without the consent of the party seeking the award of attorney's fees. Appellant interprets wife's decision to discharge Cody as a decision not to pay him his attorney's fees.

In response, Cody has argued that he appeared at the dissolution hearing only after being contacted by wife's current attorney to testify and that he testified as a witness during wife's presentation of evidence. Nothing in the record before the garnishment court or this court supports either appellant's interpretation or Cody's argument. Because the transcript of the dissolution proceedings was not filed, it is impossible for this court to determine whether Cody testified with wife's permission or what their fee arrangement was. The issue whether a discharged attorney

may appear and testify concerning fees owed him despite the objection of a former dissolution client is not before this court because the record does not disclose whether any objection was raised.

Appellant also raises the issue that Cody's motion for attorney's fees was heard without notice to appellant. Appellant complains Cody's motion for attorney's fees did not comport with Rule 44.01(d) requiring service of the motion "not later than five days before the time specified for the hearing."

This court noted recently in dicta that "§ 452.355 RSMo.1978, which provides for the court to issue an order for the payment of attorney's fees, is silent with respect to the requisite formalities." *King v. King*, 694 S.W.2d 278, 279[2] (Mo.App.1985).

Wife's petition drafted by Cody specifically prayed for attorney's fees, thereby putting appellant on notice of wife's intention to seek attorney's fees in general, although not specifically for Cody. The inadequacies of the record on appeal do not permit us to determine whether appellant objected to Cody's filing his motion for attorney's fees at the dissolution hearing or objected to Cody's testimony there or whether he availed himself of the opportunity to cross-examine Cody on the fees.

■ Appellant did not directly appeal the award to wife of her attorney's fees. The issues of the suit in which the judgment was obtained are not subject to being retried in a garnishment proceeding in aid of execution of that judgment. *Thompson v. B & G Wrecking & Supply Co.*, 346 S.W.2d 65, 68[2] (Mo.1961). A motion to quash does not reach alleged errors or irregularities prior to the judgment and cannot be substituted for an appeal. *First National Bank in Chester v. Conner*, 485 S.W.2d 667, 671[5] (Mo.App.1972). Appellant's challenge to attorney's fees should have been raised, not by a motion to quash, but by appeal. This court, from the record before it, cannot say that the trial court did

not have jurisdiction or that the judgment is void.

The judgment is affirmed.

GAERTNER, P.J., and SMITH, J., concur.