**Taylor FIELDS, Appellant,**

v.

**Granville E. CLARK, Respondent.**

**No. WD 39950.**

Missouri Court of Appeals, Western District.

July 19, 1988.

Taylor Fields, Kansas City, pro se.

Roger J. Barbieri, Kansas City, for respondent.

Before NUGENT, P.J., and CLARK and KENNEDY, JJ.

NUGENT, Presiding Judge.

Plaintiff Taylor Fields appeals from the setting aside of a judgment by default taken in his favor.

We reverse and remand with directions.

On May 6, 1987, plaintiff Taylor Fields filed a petition on an account stated in the associate circuit court alleging that he had been retained by Metro–Medic Association, a partnership, to provide legal services, that he provided such services and billed the defendant for $7,175, that he made demand for payment and that defendant failed to pay.

Personal service was made on Granville Clark, one partner, and the return was filed on June 1. Service was not obtained on Fred Fayne, another partner. A hearing was held on June 8. Plaintiff appeared; defendants did not. Plaintiff voluntarily dismissed his petition against Fred Fayne, and the court entered judgment by default and assessed costs against defendant Granville Clark.

Execution issued on August 12 and was returned unsatisfied. On September 14, more than ninety days after the judgment was entered, defendant filed a motion to set aside the judgment with no suggestions. He filed suggestions on October 2. On October 8, the court set aside the judgment. Plaintiff filed his notice of appeal on October 19.

▪ Mr. Fields first alleges that the trial court was without jurisdiction to set aside the judgment because Rule 75.01 controls judgments by the trial court. The rule, in pertinent part, reads:

The trial court retains control over judgments during the thirty-day period after entry of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time. Not later than thirty days after entry of judgment the court of its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party, and every order granting a new trial shall specify the grounds therefor.

In the present case, service was obtained on Mr. Clark. He did not respond and did not appear at the hearing. After entry of the judgment by default, Mr. Clark had thirty days within which to contest the judgment. The court retained jurisdiction and could vacate, reopen, correct, amend, or modify the judgment within that time. The court could order a new trial on its own initiative within those thirty days. Mr. Clark did not contest the judgment within the thirty day period, and plaintiff contends that defendant's failure to do so ends the matter.

Six ways exist, however, to bring down a final default judgment. They are (1) a separate suit in equity, (2) a statutory petition for review, (3) a nunc pro tunc order, (4) a motion in the nature of a writ of error coram nobis, (5) a motion showing fraud

practiced on the court, and (6) a motion showing irregularity on the face of the record. *Godsy v. Godsy*, 565 S.W.2d 726, 732 (Mo.App.1978).

The action of the trial court in sustaining or overruling a motion to set aside a default judgment is generally within the sound discretion of the trial court. *Uldrich v. Tharp*, 547 S.W.2d 498, 499 (Mo. App.1977). A court should exercise its discretion in favor of trial on the merits where the motion discloses a meritorious defense, reasonable diligence or excuse for default and no substantial injury to plaintiff results. *Id.*

Plaintiff counters that the trial court lacked jurisdiction to entertain a motion to set aside after the thirty day period. A petition in equity, however, provides the necessary jurisdiction. *Sprung v. Negwer Materials, Inc.*, 727 S.W.2d 883, 889 (Mo. 1987) (en banc). Here, defendant's somewhat schizoid motion, garbled and unfocused as it is, must, nevertheless, be construed as a sufficient averment that defendant has a meritorious defense, that good reason or excuse exists for the default and that plaintiff will suffer no injustice by reason of a delay occasioned by the setting aside of the judgment. It is sufficient to invoke the equitable powers of the court, and it may be treated as an independent suit in equity. *Id.*

▪ In his second point plaintiff argues that the trial court lacked jurisdiction to set aside the judgment by default on equitable grounds. The associate circuit court, he contends, is a court of limited jurisdiction, and its jurisdiction is limited to actions specified in the statute.

Section 478.225.2(1)[1] governs what cases associate circuit judges may hear. The statute in its relevant part reads:

Each associate circuit judge within the counties or city of St. Louis for which he is an associate circuit judge may hear and determine the following cases or classes of cases including any equitable issues and relief incident thereto:

(1) Except as otherwise provided by law, all civil actions and proceedings for the recovery of money, whether such action be founded upon contract or tort....

The statute clearly states that associate circuit judges in the counties may hear cases "including any equitable issues and relief incident thereto" involving civil actions "for the recovery of money."

Defendant Clark filed his motion to set aside and asked that it be treated as a proceeding in equity. The proceedings that follow must be consistent with that status, as plaintiff Fields contends in point two. Defendant must not only plead but prove his allegations, and plaintiff is entitled to defend against defendant's equitable claims. *Sprung v. Negwer Materials, Inc., supra*, 727 S.W.2d at 889.

Accordingly, we reverse the trial court's order setting aside the default judgment and remand with instructions that the trial court vacate that order, and, in accordance with *Sprung*, treat the motion as a separate petition in equity and in an adversary proceeding on due notice hear the evidence of both parties on the issues raised by defendant's motion. If the averments of defendant's motion are not proved, then the court may reinstate the default judgment; if defendant proves his averments, the trial court may then hear the case on the issues joined on plaintiff's petition and defendant's answer and motions.

All concur.

1. Revised Statutes of Missouri, 1986.