In re the MARRIAGE OF Kaye Y. CLARK and Eddy D. Clark.

Kaye Y. CLARK, Plaintiff–Appellant,

v.

Eddy D. CLARK, Defendant–Respondent.

No. 17269.

Missouri Court of Appeals,
Southern District,
Division One.

July 23, 1991.

James L. Thomas & Associates, Waynesville, for plaintiff-appellant.

No appearance for defendant-respondent.

PREWITT, Presiding Judge.

Following trial on February 5, 1990, the trial judge wrote on a docket sheet that the marriage of the parties was dissolved and made provisions for custody of a minor child born during the marriage. Thereafter, on March 26, 1990, plaintiff's attorney filed "plaintiff's attorney's motion to reopen case." In it he contended that since the trial he learned that the child born of his client may not have been the child of defendant. The motion asked for no specific relief, asking "that the court enter the appropriate orders that it deems just and proper."

Three days later plaintiff filed a "motion to reopen case." In that motion plaintiff contended that since the trial she had received information indicating that defendant, for some time, was living with a woman and lied at trial when he testified he was not presently living or had not lived with a member of the opposite sex during the marriage. The motion stated that it was made "pursuant to Supreme Court Rule 75.01" and that to date there had not been a final judgment. Plaintiff asked for the case to be reopened for her to submit additional evidence.

Although there was a docket entry, as earlier mentioned, the decree of dissolution was not entered until September 6, 1990. On November 13, 1990, the trial court

heard arguments on the motions and the judge wrote on the docket sheet:

> Court finds that Judgment of Court was entered 2–5–90 and pursuant to Rule 75.01 Court did not retain jurisdiction of case after expiration of 30 days from that date. The Court further finds that Rule 74.06(b) & (c) are not applicable to this case to the extent it conflicts with Rule 75.01.

Plaintiff appeals, contending that the trial court erred in denying both her motion "and plaintiff's attorney's motion" to reopen the case "in that the unavailability of relief under Missouri Supreme Court Rule 75.01 does not preclude argument, review, or motion for relief from a judgment under Missouri Supreme Court Rule 74.06." Defendant has not filed a brief here. Rule 74.06(b) is set forth marginally.[1]

■ The trial court is vested with broad discretion when acting on motions to vacate judgments. *Anderson v. Central Missouri State University*, 789 S.W.2d 41, 43 (Mo.App.1990). An appellate court should not interfere with that action unless the record convincingly demonstrates an abuse of discretion. *Id.*

■ Granting a new trial on the ground of perjury rests within the discretion of the trial court. The action of the trial court will not be reversed unless the appellate court is satisfied that there was an abuse of discretion. *Chastain v. Chastain*, 632 S.W.2d 291, 293 (Mo.App.1982).

■ We note initially that the attorney, while under an obligation to inform the court of the facts stated in the motion, (see Rule 3.3 of Rule 4, Rules of Professional Conduct) is not a party and does not have standing to file a motion to reopen the case.

■ An attorney is not a party to a suit because the attorney represents a party in the matter. *Stanfill v. Stanfill*, 505 S.W.2d 438, 439 (Mo.App.1974); *McLaughlin v. McLaughlin*, 437 S.W.2d 721, 722 (Mo.App.1969); *McLaughlin v. McLaughlin*, 427 S.W.2d 767, 768 (Mo.App.1968). See also *Parkhurst v. Parkhurst*, 799 S.W.2d 159, 160 (Mo.App.1990) (to be a party to a civil lawsuit, a person must not only have actual and justiciable interest susceptible of protection, but must also be named as a party in the original pleadings or added by court order).[2]

■ Apparently plaintiff's attorney is now contending the judgment should have been vacated on his motion. However, a non-party has no standing to attempt to set aside a judgment. *Northland Auto Body v. M & E Motors, Inc.*, 788 S.W.2d 548, 549 (Mo.App.1990).

■ The trial court properly denied the attorney's motion, although perhaps not on the correct ground. Nevertheless, that result was proper and should be affirmed. Even if the appellate court does not agree with the trial court's basis, if the judgment was proper on other grounds it must be affirmed. *Sinclair v. State*, 708 S.W.2d 333, 336 (Mo.App.1986).

Plaintiff's motion referred to Rule 75.01 but not 74.06 which provides for relief from a judgment or order. At the time of the motion, no "formal" judgment was entered, just notations on the docket sheet. As a part of the docket entry on February 5, 1990, the trial court directed defendant's counsel to prepare a "formal" decree; thus there was no "judgment" until that decree

---

1. **"Rule 74.06 Relief from judgment or order**

   \* \* \* \* \* \*

   (b) **Excusable Neglect—Fraud—Irregular, Void, or Satisfied Judgment.** On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is irregular; (4) the judgment is void; or (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment remain in force." Generally on Rule 74, see Nanette K. Laughrey, Judgments—The New Missouri Rule, 44 J.Mo.Bar 11 (1988).

2. In a dissolution matter a court may order that attorney's fees be paid directly to the attorney who may enforce the order. § 452.355.1 (RSMo.Supp.1990).

was entered. *Grantham v. Shelter Mut. Ins. Co.*, 721 S.W.2d 242, 245 (Mo.App. 1986); *Orgill Bros. and Co., Inc. v. Rhodes*, 669 S.W.2d 302, 303–304 (Mo.App. 1984).

Therefore, at the time of filing the motion there was no judgment from which to seek relief and the effect of the motion was a request to reopen the case to hear evidence, claimed by plaintiff to have been discovered after the trial. However, by the time the motion was heard judgment had been entered and the trial court and the parties apparently treated it as a motion under Rule 74.06(b) and this court does likewise.

■ Here the trial court did not seek to exercise any discretion but determined that Rule 75.01 prevented the motions. That rule is set forth marginally.[3] That conclusion is erroneous. Rule 74.06 obviously allows motions for relief from the judgment after the thirty-day period that the trial court has control. It allows motions to be filed for the ground here alleged, "fraud," for one year. Rule 74.06(c).

Where there is fraud upon the court, Rule 74.06 does not limit the power or time of the court to entertain an independent action to relieve a party from a judgment. Rule 74.06(d); *McKarnin v. McKarnin*, 795 S.W.2d 436, 439 (Mo.App.1990).

Before Rule 74.06 was effective, cases state that Rule 75.01 did not limit the trial court's equitable jurisdiction to set aside a judgment procured by fraud. *May Dept. Stores Co. v. Adworks, Inc.*, 740 S.W.2d 383, 385 (Mo.App.1987); *Fields v. Clark*, 755 S.W.2d 7, 8–9 (Mo.App.1988). See also *Hopkins v. North American Co.*, 594 S.W.2d 310, 317 (Mo.App.1980) (after the

thirty-day period of Rule 75.01, the court is limited to granting relief sought by one of the parties for reasons in after-trial motions).

Although the rule makes no distinction between intrinsic and extrinsic fraud, see Rule 74.06(b)(2), intrinsic fraud is the use of perjured testimony or fabricated evidence. *McKarnin*, 795 S.W.2d at 439. "Extrinsic" fraud is fraud which induces a party to default or consent to the judgment. *Id.*

The trial court did not exercise its discretion but determined it did not have jurisdiction. That determination was erroneous. It should proceed to decide plaintiff's motion on its merits.

The order denying plaintiff's attorney's motion is affirmed. The order denying plaintiff's motion is reversed and the cause remanded for further proceedings.

CROW and PARRISH, JJ., concur.

---

**3. Rule 75.01 Judgments, Control by Trial Court**

The trial court retains control over judgments during the thirty-day period after entry of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time. Not later than thirty days after entry of judgment the court of its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party, and every order granting a new trial shall specify the grounds therefor.

After the filing of notice of appeal and before the filing of the record on appeal in the appellate court, the trial court, after the expiration of such thirty-day period, may still vacate, amend or modify its judgment upon stipulation of the parties accompanied by a withdrawal of the appeal.

The thirty-day period after entry of judgment for granting a new trial of the court's own initiative is not shortened by the filing of a notice of appeal but is terminated when the record on appeal is filed in the appellate court.