**BRANSON HILLS ASSOCIATES, L.P.,**
**A Missouri Limited Partnership,**
**Respondent,**

v.

**Herbert Joseph MILLINGTON and Judy**
**Lynn Millington, Appellants.**

No. 20520.

Missouri Court of Appeals,
Southern District,
Division Two.

June 13, 1996.

Motion for Rehearing or Transfer to
Supreme Court Denied July 5, 1996.

Application to Transfer Denied
Aug. 20, 1996.

Richard L. Schnake, Neale, Newman, Bradshaw & Freeman, Springfield, Souder F. Tate, Branson, for appellants.

Robert W. Stillings, Springfield, for respondent.

PARRISH, Judge.

Herbert Joseph Millington and Judy Lynn Millington (Millingtons) appeal an order denying their Motion for Relief from Judgment Pursuant to Rule 74.06 and granting Branson Hills Associates, L.P.'s, (Branson Hills) Motion for Additional Relief. Millingtons' motion was directed to a judgment enforcing a

lawsuit settlement agreement. Branson Hills' motion sought the trial court's directive for completion of the settlement. This court affirms.

The lawsuit that spawned the settlement agreement originated as an action seeking specific performance of a real estate contract. This is its second junket to this court. *See Branson Hills Associates, L.P. v. Millington,* 907 S.W.2d 231 (Mo.App.1995), hereafter referred to as *Millington I.* A recitation of underlying facts on which the continuing saga is based may be found in *Millington I.*

The motion that is the subject of this appeal was filed in the trial court during the time the appeal in *Millington I* was pending in this court. Millingtons, the parties against whom the trial court found in enforcing the settlement agreement, had not filed a supersedeas bond. Branson Hills, therefore, sought implementation of the trial court's judgment enforcing the settlement agreement. The trial court, at Branson Hills' request, set February 21, 1995, as the closing date for purposes of completing real estate transactions required by the settlement agreement.

The real estate transactions included conveyance from Millingtons to Branson Hills of a "modified 70–foot strip" of real estate near the entrance to other real estate Branson Hills owned. Branson Hills was to convey "modified Tract S–2(B)" to Millingtons.

Prior to the February 21 closing date, Branson Hills provided Millingtons' attorney with a commitment for title insurance for modified Tract S–2(B). The commitment was dated November 9, 1994. It showed the property to be subject to two telephone easements. A later "updated" commitment for title insurance was obtained—the record does not reveal its date; however, a copy was provided Millingtons' attorney the morning of the closing date, February 21. The updated commitment likewise showed that the real estate was subject to the two telephone easements.

The parties and their attorneys met for the scheduled closing February 21, 1995. Millingtons refused to close the transaction because of the telephone easements on modified

Tract S–2(B). Branson Hills' representative contacted Southwestern Bell Telephone Co., the holder of the easements, and arranged for their release. Later, after ascertaining that one of the easements that was identified as an exception in the commitment for title insurance was erroneous, a deed from Southwestern Bell releasing the valid easement was obtained. The deed was dated March 13, 1995, and recorded March 17, 1995.

On March 27, 1995, Millingtons filed the "Motion for Relief from Judgment Pursuant to Rule 74.06" that is the subject of this appeal. It sought relief based on the following parts of Rule 74.06(b):

> On motion and upon such terms as are just, the court may relieve a party ... from a final judgment or order for the following reasons: ... (2) ... misconduct of an adverse party; ... (5) ... or it is no longer equitable that the judgment remain in force.

Millingtons requested that the trial court vacate and set aside the judgment enforcing the settlement agreement.

The motion was heard June 1, 1995. The trial court heard testimony concerning what transpired at the aborted February 21 closing. Written findings of fact and conclusions of law were requested. The trial court granted the parties time in which to submit proposed findings and conclusions and took the motion under advisement. Later, the trial court entered Findings of Fact and Conclusions of Law and an order denying Millingtons' motion. The trial court set a new closing date for the real estate transactions.

The trial court's Findings of Fact and Conclusions of Law recite detailed factual findings, then conclude:

.    .    .    .    .

16. This court finds and concludes, that while [Branson Hills'] actions complained of by [Millingtons] were sloppy, and without an eye to detail, they do not constitute misconduct which would require that the Judgment be vacated.

17. This court further finds and concludes that equity does not require that the Judgment be vacated.

■ Millingtons present one point on appeal in which they contend the trial court erred in denying their motion for relief from the judgment. Millingtons assert that Branson Hills, by being unable to convey modified Tract S–2(B) free of easements at the February 21 closing date, forfeited its rights to specific performance of the settlement agreement.

■ Trial courts are vested with broad discretion when acting on motions to vacate judgments. *In Re Marriage of Clark*, 813 S.W.2d 123, 125 (Mo.App.1991). Appellate courts will not interfere with those actions unless the record on appeal convincingly demonstrates a trial court's abuse of discretion. *Id.*

The judgment that Millingtons sought to have set aside, the judgment enforcing the settlement agreement, originally directed that modified Tract S–2(B) be conveyed to Millingtons "subject to all easements and/or rights of way." *See Millington I*, 907 S.W.2d at 236. Those were the terms of the judgment on the date of the aborted closing, February 21, 1995. The judgment was not modified to require the real estate to be conveyed free and clear of easements until *Millington I* became final.

*Millington I* became final October 5, 1995, the date this court's mandate issued. The easements about which Millingtons complain had been released some six months earlier. The trial court's holding that equity did not require that the order enforcing the settlement agreement be vacated was not an abuse of discretion under those circumstances.

The order denying Millingtons' Motion for Relief from Judgment Pursuant to Rule 74.06 is affirmed.

PREWITT, P.J., and CROW, J., concur.