**Darold WIENERS, d/b/a Wieners Auto Sales, Plaintiff–Respondent,**

**v.**

**John DOE, Defendant, Director of Revenue, State of Missouri, Appellant.**

**Darold Wieners, d/b/a Wieners Auto Sales, Plaintiff–Respondent,**

**v.**

**John Doe, Defendant, Director of Revenue, State of Missouri, Appellant.**

**Chris Adamson, d/b/a Chris's I–44 Service Station, Plaintiff– Respondent,**

**v.**

**John Doe, Defendant, Director of Revenue, State of Missouri, Appellant.**

**Nos. 26481, 26484, 26486.**

Missouri Court of Appeals, Southern District, Division One.

June 24, 2005.

Jeremiah W. (Jay) Nixon, Atty. Gen., and Sarah E. Ledgerwood, Asst. Atty. Gen., Jefferson City, MO, for Appellant Director of Revenue.

Wayne Gifford, Waynesville, MO, for Respondents Wieners and Adamson.

JAMES K. PREWITT, Judge.

Director of Revenue ("Director") seeks to appeal from three judgments in favor of plaintiffs and against defendants denominated as "John Doe." Darold Wieners ("Respondent Wieners") and Chris Adamson ("Respondent Adamson") have filed a motion to dismiss the appeal, asserting that Director has no standing to appeal. We agree that the appeals must be dismissed, but we base it on grounds other than those urged in the motion and do not reach the grounds stated by plaintiffs.

■ It is this court's duty to ascertain whether it has jurisdiction of the case even if not raised by either party. *Jines v. Director of Revenue*, 788 S.W.2d 801, 802 (Mo.App.1990).

On April 23, 2001, Respondent Wieners filed a petition against John Doe, appeal No. 26481, listing eighteen vehicles his business, Wieners Auto Sales, had spent $4,500 to repair and store that John Doe had not paid. Service was by publication. On May 16, 2001, the trial court entered a default judgment finding Wieners had stored and repaired the listed vehicles, was entitled to liens on them, and ordered them sold. Wieners purchased one of these vehicles, a 1987 Volvo, at auction for $100.

Appeal No. 26484 originated on January 12, 2004, when Wieners filed suit against John Doe. Wieners claimed a lien on twenty-two vehicles for repair and storage amounting to $4500. Service was by publication. A default judgment was entered on February 3, 2004, finding that Wieners stored and repaired the vehicles, was entitled to liens on them, and ordered a sale.

On May 11, 2004, Respondent Adamson filed a petition against John Doe. Adamson

listed twenty-five vehicles his business, Chris's I–44 Service Station, had spent $4500 to repair and store vehicles that John Doe had not paid. Service was by publication. On June 4, 2004, default judgment was entered, finding Adamson stored and repaired the listed vehicles, was entitled to the liens on them, and ordered them sold.

Wieners applied to Director for certificate of title to the 1987 Volvo on April 27, 2004. Director then filed a "Motion to Set Aside Order for Lack of Subject Matter Jurisdiction" in Wieners' first case on May 3, 2004, and an identical motion on May 24, 2004, in Wieners' second case.

Director filed a "Motion to Set Aside Order for Lack of Subject Matter Jurisdiction" in Adamson's case on August 3, 2004. Director contends the plaintiffs failed to name Director in its petition and failed to abide by § 430.082, RSMo 2000, in securing title of auctioned property. Director filed a motion to consolidate all three cases. On August 12, 2004, the trial court granted Director's motion to consolidate, but denied the motions to set aside the judgments. On August 23, 2004, Appellant filed a Notice of Appeal seeking to appeal from the three judgments.

 In order to be a party, a person "must either be named as a party in the original pleadings, or be later added as a party by appropriate trial court orders." *Proctor v. Director of Revenue*, 753 S.W.2d 69, 70 (Mo.App.1988). *See also Jines*, 788 S.W.2d at 802. Director was not a listed party nor was Director added by court order. Therefore, Director was not a proper party to the cases. Whether Director should have been named as a party or had a right to become one, we do not decide.

 A non-party has no standing to attempt to set aside a judgment. *In re Marriage of Clark*, 813 S.W.2d 123, 125 (Mo.App.1991). Only a party may appeal.

*Jines*, 788 S.W.2d at 802; *Proctor*, 753 S.W.2d at 70.

The appeals are dismissed.

GARRISON, P.J., and RAHMEYER, J., concur.