

# In the Missouri Court of Appeals
# Eastern District

### DIVISION ONE

| | |
|---|---|
| JEAN-ROBERT NAST by and through his guardian JAN FREEMAN, | ) ED103102 |
| | ) |
| Plaintiff/Respondent, | ) Appeal from the Circuit Court |
| | ) of the City of St. Louis |
| vs. | ) |
| | ) Honorable Michael F. Stelzer |
| GATEWAY AMBULANCE SERVICE, LLC, et al., | ) |
| | ) |
| Defendants/Respondents. | ) |
| | ) |
| CERTAIN UNDERWRITERS AT LLOYD'S LONDON, | ) |
| | ) |
| Proposed Intervenor/Appellant. | ) FILED: April 26, 2016 |

Certain Underwriters at Lloyd's, London, Beazley Underwriting, Ltd. ("Appellants")

appeal from the trial court's denial of Appellant's oral motion to intervene and the trial court's

denial of Appellant's Renewed Motion to Intervene and Motion to Set Aside Judgment and

Motion for New Trial. Because there is no final appealable judgment to review, we dismiss the

appeal.

## II. DISCUSSION

Appellant filed two notices of appeal in this case. First, on June 18, 2015, Appellant filed

a Notice of Appeal from the trial court's oral denial of Appellant's oral motion to intervene on

June 8, 2015. On July 7, 2015, Appellants filed a Renewed Motion to Intervene, Motion to Set

Aside the Judgment and Motion for New Trial with the trial court. The trial court denied this Renewed Motion on August 27, 2015, stating it no longer had jurisdiction over the Renewed Motion under Rule 75.01.

Appellants filed a second Notice of Appeal on September 8, 2015, seeking review of the trial court's August 27, 2015 Order denying the Renewed Motion and of the trial court's substantive June 9, 2015 Judgment, which does not mention Appellant or its denied motions to intervene. Jean-Robert Nast ("Respondent") filed a Motion to Dismiss Appellant's second appeal based on a lack of jurisdiction. Appellants filed a Motion to Consolidate the appeals, which this Court granted on October 7, 2015. Respondent's Motion to Dismiss for lack of jurisdiction was taken with the appeal.

Prior to reaching the merits of a case, the appellate court must determine if there is a final judgment. Ndegwa v. KSSO, LLC, 371 S.W.3d 798, 801 (Mo. banc 2012). A final judgment is a prerequisite to appellate review. Id. If the circuit court's judgment was not a final judgment, then the appeal must be dismissed. Id.

> Rule 74.01 provides what action by the trial court constitutes a judgment.
>
> "Judgment" as used in these rules includes a decree and any order from which an appeal lies. A judgment is rendered when entered. A judgment is entered when a writing signed by the judge and denominated "judgment" or "decree" is filed. The judgment may be a separate document or entry on the docket sheet of the case.

Rule 74.01(a). Under the rule, "a judgment must be (1) in writing, (2) signed by the judge, (3) denominated "judgment," and (4) filed." Chambers v. Easter Fence Co., Inc., 943 S.W.2d 863, 865 (Mo. App. E.D. 1997). While an order denying a motion to intervene is appealable, "[u]nless the order is denominated a 'judgment' in some document signed by the court it is not a judgment for purposes of appeal." Sarasohn & Co., Inc. v. Prestige Hotels Corp., 945 S.W.2d 13, 17 (Mo. App. E.D. 1997) (citing Chambers, 943 S.W.2d 863; Linzenni v. Hoffman, 937 S.W.2d 723 (Mo. banc 1997); In

2

re Marriage of Berger, 931 S.W.2d 216 (Mo. App. S.D. 1996); Kessinger v. Kessinger, 935 S.W.2d 347 (Mo. App. S.D. 1996)).

Here, the trial court orally denied Appellant's oral motion to intervene in the action. This denial was never reduced to writing, signed by the judge, denominated a "judgment," or filed. In the initial written judgment in this case, entered by the trial court on June 9, 2015, the trial court does not mention Appellant, Appellant's oral Motion to Intervene, or the trial court's denial of that Motion to Intervene. Thus, the June 8, 2015 oral denial by the trial court cannot be considered a judgment for purposes of appeal. Rule 74.01; Chambers, 943 S.W.2d at 865.

Further, Appellant's attempt to appeal the June 9, 2015 Judgment by the trial court must also fail due to a lack of standing. "A non-party has no standing to attempt to set aside a judgment." Wieners v. Doe, 165 S.W.3d 520, 522 (Mo. App. S.D. 2005) (citing In re Marriage of Clark, 813 S.W.2d 123, 125 (Mo. App. S.D. 1991)). "In order to be a party, a person [or entity] 'must either be named as a party in the original pleadings, or be later added as a party by appropriate trial court orders.'" Wieners, 165 S.W.3d at 522, quoting Proctor v. Dir. of Revenue, 753 S.W.2d 69, 70 (Mo. App. S.D. 1988). Here, the trial court denied Appellant's oral Motion to Intervene, and therefore Appellant was not a party to the June 9, 2015 Judgment entered by the trial court. Thus, Appellant has no standing to appeal that judgment.

Finally, this court lacks jurisdiction to review the trial court's August 27, 2015 Order. The Order suffers from the same defect under Rule 74.01 as the trial court's oral denial of Appellant's Motion to Intervene, namely that the Order is not denominated a judgment in any way. However, this Court lacks jurisdiction even if the Order was considered an appealable judgment, as the decision of the Order was that the trial court itself had lost jurisdiction over the Motion to Intervene.

"The trial court retains control over judgments during the thirty-day period after entry of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend or modify its judgment within that time." Rule 75.01. If no timely, "authorized after-trial motion" is filed within that thirty-day period, the judgment becomes final and the trial court is without jurisdiction to amend it or make new substantive rulings. Burton v. Klaus, 455 S.W.3d 9, 12 (Mo. App. E.D. 2014). Missouri law recognizes six "authorized after-trial motions" that would potentially extend the trial court's jurisdiction beyond thirty days, and a Motion to Intervene is not one of them. Id. Further, Appellant was not a party to the case thirty days after the initial judgment, so it had no right to request a new trial or to request the judgment be set aside.

Our jurisdiction to hear an appeal is predicated on the trial court's jurisdiction over the matter at hand. Roach Law Firm v. Beilenson, 224 S.W.3d 57, 60 (Mo. App. E.D. 2007); Peasel v. Dunakey, 279 S.W.3d 543, 545 (Mo. App. E.D. 2009). The initial judgment was entered on June 9, 2015, and the trial court had not ruled on Appellant's Motion to Intervene by July 9, 2015. As the trial court correctly found that it lost jurisdiction to hear the Motion to Intervene thirty days after the judgment, we do not have jurisdiction to hear the appeal.

## III. CONCLUSION

The appeal is dismissed.

_____
ROY L. RICHTER, Judge

Robert G. Dowd, Jr., P.J., concurs
Mary K. Hoff, J., concurs

4