

# In the
# Missouri Court of Appeals
# Western District

MILA HOMES, LLC,

                    Respondent,

v.

DONALD H. SCOTT AND
CAROLYN SCOTT,

                    Appellants.

WD82165

OPINION FILED:

June 2, 2020

---

**Appeal from the Circuit Court of Clay County, Missouri**
**The Honorable Karen Lee Krauser, Judge**

**Before Division One:**
**Lisa White Hardwick, P.J., Cynthia L. Martin, and Thomas N. Chapman, JJ.**

Donald and Carolyn Scott (Scotts) appeal from a default judgment entered against John Doe and Jane Doe in the associate division of the Circuit Court of Clay County in favor of MILA Homes, LLC (MILA Homes) in its action for unlawful detainer. The Scotts raise two points on appeal claiming that the trial court erred (1) in not granting their motion to intervene and (2) in entering judgment in favor of MILA Homes because

a landlord/tenant relationship did not exist as required by section 534.030.[1]  The appeal is dismissed.

## Background

On August 27, 2018, MILA Homes filed a petition for unlawful detainer against John Doe and Jane Doe, seeking possession of the property and damages for double the reasonable rental value of the property from the date of the unlawful detention.  In its petition, MILA Homes alleged that on August 9, 2018, it purchased at foreclosure sale property located at 4512 NE 63rd Terrace, Kansas City, Missouri, 64119 ("the property").  MILA Homes further alleged that, on August 10, 2018, it provided written notice to John Doe and Jane Doe, informing them of its purchase of the property, advising them that their right to possess (occupy) the property was terminated effective ten business days from the date of the notice, and indicating that, if they did not vacate the property, MILA Homes intended to file an unlawful detainer action against them for recovery of possession of the property.  MILA Homes attached to the petition, and incorporated by reference, a copy of the August 10, 2018 termination notice that had been mailed to John Doe and Jane Doe and posted on the door of the premise.

On August 29, 2018, the trial court scheduled a hearing for September 19, 2018, and issued summonses for John Doe and Jane Doe.  On September 9, 2018, an appointed

---

[1] All statutory references are to RSMo 2016 unless otherwise indicated.

special process server served the summonses and complaints for John Doe and Jane Doe on Donald Scott at the property.

Three days later, on September 12, 2018, the Scotts filed a motion to intervene, claiming an interest in the property based on their possession of it. They also filed a proposed answer and defenses to the petition for unlawful detainer.[2]

On September 19, 2018, MILA Homes appeared at the scheduled hearing by counsel. John Doe and Jane Doe did not appear (nor did the Scotts), and the case was submitted to the trial court "upon the pleadings and proofs." The trial court issued a default judgment for unlawful detainer the next day in favor of MILA Homes and against defendants John Doe and Jane Doe, ordering that it shall have possession of the property.[3] No one filed a motion to set aside the default judgment. The Scotts filed a notice of appeal to this court on October 2, 2018.

**Analysis**

An appellate court "has an obligation, acting *sua sponte* if necessary, to determine its authority to hear the appeals that come before it." *First Nat'l Bank of Dieterich v. Pointe Royale Prop. Owners' Ass'n, Inc.*, 515 S.W.3d 219, 221 (Mo. banc 2017). "The

---

[2] In their proposed answer, the Scotts included the following affirmative defenses:
"13. Insufficiency of service of process – [t]he defendants did not receive personal service as required by law...
16. Failure to join a party under Rule 52.04 – Plaintiff has not stated any reason why the Defendants are not joined.
17. That there is another action pending between the same parties for the same cause in...the Circuit Court of Clay County, Liberty, Missouri concerning the possession of the property that is the subject of the instant action…"

[3] Although the trial court found that the rental value of the property was $2,200 per month and that the unlawful detention began on August 24, 2018, the judgment did not award damages.

right to appeal is purely statutory and, where a statute does not give a right to appeal, no right exists." *Id.* (internal quotes and citation omitted). If the appellate court lacks authority to hear an appeal, the appeal must be dismissed. *First Cmty. Credit Union v. Levison*, 395 S.W.3d 571, 576 (Mo. App. E.D. 2013).

Section 512.020 affords the right to appeal to "[a]ny party to a suit aggrieved by any judgment of any trial court in any civil cause." "A party who has not been aggrieved by a judgment has no right or standing to appeal." *T.V.N. v. Mo. State Highway Patrol Criminal Justice Info. Servs*, 592 S.W.3d 74, 77 (Mo. App. W.D. 2019) (internal quotes and citation omitted). "A party cannot be said to be aggrieved, unless error has been committed against him." *Howe v. Heartland Midwest, LLC*, No.WD82656, 2020 WL 1860721, at *3 (Mo. App. W.D. April 14, 2020) (internal quotes and citation omitted). A court has a duty to determine if a party has standing prior to addressing the substantive issues of the case. *Id.*; *T.V.N.*, 592 S.W.3d at 77.

To be a party, "a person 'must either be named as a party in the original proceedings, or be later added as a party by appropriate trial court orders.'" *F.W. Disposal S., LLC v. St. Louis Co. Council*, 266 S.W.3d 334, 338 (Mo. App. E.D. 2008) (quoting *Wieners v. Doe*, 165 S.W.3d 520, 522 (Mo. App. S.D. 2005)). "'The rule that only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment, is well settled.'" *Underwood v. St. Joseph Bd. of Zoning Adjustment*, 368 S.W.3d 204, 209 (Mo. App. W.D. 2012) (quoting *Marino v. Ortiz,* 484 U.S. 301, 304 (1988)).

The Scotts were not parties in this case, and, because they are not aggrieved, they have no standing to appeal the trial court's default judgment. MILA Homes named only John Doe and Jane Doe as defendants in its original petition.[4] It did not name the Scotts as defendants or address to them the notice incorporated into the petition. It also did not attempt to join the Scotts in the case or substitute them for the Does. And although the Scotts filed a motion to intervene in the case, the trial court did not rule on it, and they were never allowed to intervene and become parties.

The Scotts were not named as defendants in the default judgment. The default judgment was entered only against John Doe and Jane Doe and not against the Scotts, and the Scotts are not aggrieved by it. While the record may suggest that the Scotts are one and the same as John Doe and Jane Doe, it does not confirm such. The Scotts have not admitted that they are John Doe and Jane Doe, have not consented to the judgment, and have not agreed that it may be executed upon them to force their ouster from the property. Because the Scotts were not originally named as parties and were not added by court

---

[4] We have previously recognized that unknown defendants may be sued initially under a fictitious pseudonym, and have determined, that, once they have been substituted in by name, in some circumstances the pleadings may relate back (to avoid the running of the statute of limitations in the interim). *See Maddux v. Gardner,* 192 S.W.2d 14, 18 (Mo. App. 1945).

The unlawful detainer statute makes specific provision for such substitution or addition of parties:

> Any judge may, in open court and at any time, in furtherance of justice and on such terms as may be proper, on motion of either party, allow any complaint, summons, writ or other proceeding to be amended and permit new parties as coplaintiffs or codefendants to be added and correct a mistake in the name of either party.

§ 534.170.

In this case, MILA Homes used the fictitious names or pseudonyms John Doe and Jane Doe to describe unknown defendants in its petition for unlawful detainer, but never sought to amend the petition to substitute or join the Scotts as defendants.

order, they were not parties to the case, and thus have no standing to appeal the trial court's default judgment, as they are not aggrieved by it. *See, e.g., Wieners*, 165 S.W.3d at 521-22 (where Director of Revenue was not a party to actions brought by operators of automobile repair businesses against unidentified owners of automobiles that businesses had repaired and stored, Director lacked standing to appeal trial court's orders granting operators liens on the vehicles and ordering the vehicles sold).

The appeal is dismissed. [5]

/s/ *Thomas N. Chapman*
Thomas N. Chapman, Judge

All concur.

---

[5] We note *ex gratia*, that in their first point on appeal, the Scotts contend that the trial court erred in failing to grant their motion to intervene as a matter of right pursuant to Rule 52.12(a)(2). The trial court's judgment, however, did not include a ruling on the Scotts' motion to intervene. There is no written order or judgment disposing of the motion to intervene. This court may not interpret the default judgment as having denied the motion to intervene sub silentio. "[P]ending motions must be disposed of expressly and cannot be treated as having been overruled sub silentio." *Howe*, 2020 WL 1860721, at 4 (internal quotes and citation omitted). Trial courts are typically required to address all pending motions, including a motion to intervene as a matter of right under Rule 52.12(a)(2). Wrongful denial of a motion to intervene cannot be addressed by interlocutory appeal, but may be addressed in an appeal of a final judgment. *State ex rel. Koster v. ConocoPhillips Co.*, 493 S.W.3d 397, 399-400 (Mo. banc 2016). Ironically, had the trial court granted the Scotts' motion to intervene, or had they been substituted as parties, the Scotts might have potentially been aggrieved by a judgment entered against them. While erroneous denial of a motion to intervene as a matter of right may be addressed in an appeal of a final judgment, it cannot be the basis of an appeal of a judgment that is, for all intents and purposes, a nullity that does not aggrieve the proposed intervenor. Moreover, in this instance, the failure to rule on the motion to intervene (had the proposed intervenors been aggrieved) would have provided yet another reason to dismiss this appeal, as such judgment would not be final. In this instance, we find that the judgment is final, but is essentially a nullity, as it does not dispossess anyone other than the fictitious John Doe and Jane Doe.