Edward CHAMBERS, et al.,
Plaintiffs/Appellants,

v.

EASTER FENCE COMPANY, INC.,
Defendant/Respondent.

No. 70915.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 22, 1997.

James E. Hullverson, Jr., St. Louis, for plaintiffs/appellants.

John F. Cooney, Evans & Dixon, St. Louis, for defendant/respondent.

GRIMM, Judge.

Plaintiffs appeal from a "Memorandum & Order" which dismissed plaintiffs' petition for failure to state a claim. The "Memorandum & Order" does not meet the requirements of Rule 74.01(a) for a judgment. Therefore, we dismiss the appeal for lack of jurisdiction.

## I. Background

Plaintiffs' petition alleges that in 1992, they were riding in a van when they were involved in a collision with a vehicle driven by Millie Wilson. Among other things, they allege she became intoxicated at a Christmas party "paid for in whole or in part by funds" provided by defendant, her employer.

Further, they allege that criminal charges were filed against Millie Wilson, she pled guilty, and she was sentenced to prison. They settled their claims against her, reserving their claim against defendant. Defendant filed a motion to dismiss for failure to state a claim.

■ On June 6, 1996, the trial court signed a document entitled "Memorandum & Order." It reads:

> The Plaintiffs and Defendant, by and through their attorneys, have agreed to submit defendant's Motion to Dismiss for Failure to State a Claim to the court for its consideration, waiving notice of hearing and oral argument.

> The Court being fully advised of the arguments of the parties, hereby grants defendants Motion to Dismiss for failure to state a claim.

On July 16, 1996, plaintiffs filed their Notice of Appeal. On August 20, 1996, the Chief Judge of this court entered the following order:

> This Court has received a Notice of Appeal from an order entered on June 6, 1996. This Order is not denominated "judgment." Effective January 1, 1995 Rule 74.01(a) provides "[a] judgment is entered when a writing signed by the judge and denominated 'judgment' is filed." There has been no writing denominated judgment filed in this cause. Appellant is directed to show cause no later than September 10, 1996 why this appeal should not be dismissed for lack of a final judgment.

At this court's direction, our staff counsel transmitted this order to plaintiffs' counsel. In his transmittal letter, he said:

> Enclosed is a copy of the order the court entered in regard to the above-noted cause. If you agree that a final judgment

has not been entered because of new rule 74.01(a), it will be necessary for the judge to re-enter the same order with a caption of "Judgment" at the top. You may attach a copy of this file stamped document to your response to the Order to Show Cause. It will be unnecessary for you to file a new notice of appeal. The appeal will then proceed.

If you would like the appeal dismissed you may file a voluntary dismissal of the appeal before the return date of the Show Cause Order or do nothing and the court will dismiss the appeal in accordance with the court's order.

If you disagree with the Show Cause Order, the court will consider your response after it is filed.

On September 3, 1996, plaintiffs' counsel filed a response to the Show Cause Order. Plaintiffs did not secure a document denominated "Judgment." Rather, they contended that the "Order sustaining the defendant's motion to dismiss for failing to state a cause of action is appealable, though it is not titled Judgment, and properly so." The Chief Judge then ordered the jurisdictional issue taken with the case.

## II. Rule 74.01(a)

Before 1995, Rule 74.01(a) stated: " 'Judgment' as used in these Rules includes a decree and any order from which an appeal lies." In 1994, the Missouri Supreme Court adopted a new Rule 74.01(a), effective January 1, 1995. This rule states:

"Judgment" as used in these rules includes a decree and any order from which an appeal lies. A judgment is rendered when entered. A judgment is entered when a writing signed by the judge and denominated "judgment" is filed. The judgment may be a separate document or included on the docket sheet of the case.

The Missouri Supreme Court has recently stated that the "intent of this procedural amendment was to remove confusion that existed as to when a pronouncement or judgment was final for purposes of appeal." *Linzenni v. Hoffman,* 937 S.W.2d 723, 726 (Mo. banc 1997).

▓▓▓ Under the new rule, a judgment must be (1) in writing, (2) signed by the judge, (3) denominated "judgment," and (4) filed. The rule also clearly applies to orders from which an appeal lies. Otherwise, the requirements of a writing signed by the judge and filing would not apply to appealable orders. This would create two different tests for when an appealable order is entered and when a judgment is entered.

Here the order is not denominated "judgment." That is, it is not labeled or titled as a "judgment." This requirement is not a mere formality. It requires the trial court to carefully consider whether its decision constitutes a judgment, i.e. a "final determination of the rights of the parties." § 511.020 RSMo 1994. This requirement was added to establish a "bright line" test as to when a writing is a judgment.

The requirement that the judgment be labeled or titled as a judgment is consistent with the normal understanding of the term "denominated." Webster's Third New International Dictionary defines "denominate" as "to give a name to: call by a name."

It is also consistent with the interpretation given by the Oregon courts to a rule which is similar to Missouri's. Oregon Rule of Civil Procedure 70 requires that a judgment be "titled as a judgment." In *Grant County Federal Credit Union v. Hatch,* 98 Or.App. 1, 777 P.2d 1388 (1989), the court held that an order did not comply with Oregon Rule 70. "The order is not a final judgment; it is not *denominated* as such and, therefore, does not comply with ORCP 70." (emphasis added). *Id.* 777 P.2d at 1391.

We acknowledge that in *Kessinger v. Kessinger,*\* 935 S.W.2d 347, 349 (Mo.App. S.D. 1996), the southern district specifically re-

---

\* In *City of St. Louis v. Hughes,* No. 69575, —— S.W.2d —— (Mo.App.E.D. December 10, 1996),

jected a requirement that the writing be titled judgment, but that use of the term "judgment" in a handwritten docket entry was sufficient to comply with Rule 74.01(a). However, when the term "judgment" was not used anywhere in the entry, the southern district held that a judgment had not been entered. *In re the Marriage of Berger*, 931 S.W.2d 216, 217 (Mo.App. S.D.1996). Here the term judgment does not appear in the writing. Thus, even under the southern district's view, no appealable judgment was entered.

The June 6, 1996 "Memorandum and Order" is not denominated "judgment" as required by Rule 74.01(a). A final judgment is a prerequisite to appellate review. *Committee for Educ. Equality v. State*, 878 S.W.2d 446, 450 (Mo.banc 1994). Here, a final judgment has not been entered. The appeal is dismissed without prejudice as premature for lack of a final judgment.

CRAHAN, P.J., and HOFF, J., concur.

*we declined to follow the southern district's view that the writing did not have to be titled judg-* ment. We transferred the case to the Supreme Court to resolve the conflict.