**Robert Russell BROOKS, Appellant,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Respondent.**

No. 21551.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 5, 1997.

Robert S. Adler, St. Louis, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for Respondent.

MONTGOMERY, Chief Judge.

Robert Russell Brooks appeals from a docket entry in which the trial court denied his "Petition for Trial De Novo to Review License Revocation pursuant to 302.500 et seq. R.S.Mo." He contends here that the trial court erroneously admitted certain documentary evidence in the face of his hearsay and lack of foundation objection. We do not

address that contention because it is clear that the docket sheet entry is not a judgment under Rule 74.01(a).[1]

■ "Even though not raised by the parties, an appellate court is obliged to notice, *sua sponte*, matters preventing it from obtaining jurisdiction." *Williams v. Westrip*, 917 S.W.2d 590, 591 (Mo.App.1996). " 'A prerequisite to appellate review is that there be a final judgment.' " *Id.* (quoting *Committee for Educational Equality v. State*, 878 S.W.2d 446, 450 (Mo. banc 1994)).

Rule 74.01 (a) provides:

### Rule 74.01 JUDGMENT

(a) Included Matters. "Judgment" as used in these rules includes a decree and any order from which an appeal lies. A judgment is rendered when entered. A judgment is entered when a writing signed by the judge and denominated "judgment" is filed. The judgment may be a separate document or included on the docket sheet of the case.

The docket entry in this case bears the initials of the trial judge. It recites, *inter alia*, that "the court finds the issues in favor of the Respondent ... and against the Petitioner...." The term "judgment" does not appear anywhere in the docket entry.

■ Under Rule 74.01(a), "a judgment must be (1) in writing, (2) signed by the judge, (3) denominated 'judgment,' and (4) filed." *Chambers v. Easter Fence Co., Inc.*, 943 S.W.2d 863, 865 (Mo.App.1997). In this case, the docket entry meets requirements (1), (2), and (4).[2] However, it is not denominated a "judgment." Therefore, the docket entry is not a judgment under the rule.

In *Chambers*, plaintiffs appealed from an order dismissing their petition for failure to state a claim. The appellate court dismissed the appeal because, in violation of requirement (3) of Rule 74.01(a), the term "judgment" did not appear anywhere in the order.

---

**1.** Rule references are to Missouri Court Rules (1997).

**2.** This Court recently held that "initialing" by the judge could be considered as signed by the judge

even though it is not the judge's ordinary signature. *In re Marriage of Berger*, 931 S.W.2d 216, 217 (Mo.App.1996).

943 S.W.2d at 866. Likewise, in *Berger,* when the term "judgment" was not used anywhere in the docket entry, this Court held that a judgment had not been entered as required by Rule 74.01(a). 931 S.W.2d at 217.

Finally, the Missouri Supreme Court has recently confirmed that a trial court must "denominate" its final ruling as a "judgment." *City of St. Louis v. Hughes,* 950 S.W.2d 850 (Mo.1997). The Court said that "[w]hether the designation 'judgment' appears as a heading at the top of the writing, within the body of the writing in some other manner, or in the entry on the docket sheet, it must be clear from the writing that the document or entry is being 'called' a 'judgment' by the trial court." Id. at 853.

Here, there is no final judgment because the docket entry was not denominated a "judgment." The appeal is dismissed without prejudice.

PARRISH, P.J., and SHRUM, J., concur.