**In re the MARRIAGE OF Rebecca Dalene HOY and Stephen Everett Hoy.**

**Rebecca Dalene HOY, Appellant,**

v.

**Stephen Everett HOY, Respondent.**

No. 21684.

Missouri Court of Appeals, Southern District, Division One.

Feb. 17, 1998.

George L. Gundy, Reeds Spring, for Appellant.

Mark J. Millsap, Baird, Lightner & Millsap, P.C., Springfield, for Respondent.

CROW, Judge.

Rebecca Dalene Hoy ("Mother") appeals from the trial court's denial of Mother's motion for modification of a judgment which dissolved Mother's marriage to Stephen Everett Hoy. Mother's motion prayed the trial court to change the provisions in the judgment pertaining to custody of the parties' child.

Attached to Mother's notice of appeal is a one-page document denominated "Docket Entry." The notice of appeal and Mother's brief identify the document as the judgment from which Mother appeals.

Rule 74.01(a), Missouri Rules of Civil Procedure (1997), reads:

> " 'Judgment' as used in these rules includes a decree and any order from which an appeal lies. A judgment is rendered when entered. A judgment is entered when a writing *signed by the judge and denominated 'judgment'* is filed. The judgment may be a separate document or included on the docket sheet of the case." (Emphasis added.)

The docket entry here fails to satisfy two requirements for a judgment in Rule 74.01(a). First, the entry is not signed by the judge.[1] Second, the entry is not denominated a "judgment."

Although the word "judgment" appears twice in the entry, the obvious purpose

---

1. In *Kessinger v. Kessinger,* 935 S.W.2d 347, 349[1] (Mo.App. S.D.1996), this court held a judge's handwritten initials satisfy the requirement of Rule 74.01(a) that the judgment be "signed by the judge." However, neither a signature nor handwritten initials appear on the docket entry here.

of the word both times is to refer to the judgment of dissolution of marriage, not to denominate the docket entry a "judgment." Consequently, the entry does not satisfy the requirement of Rule 74.01(a) that the writing be denominated a "judgment." *City of St. Louis v. Hughes*, 950 S.W.2d 850, 853[2] and [3–5] (Mo. banc 1997). *See: Skalecki v. Small*, 951 S.W.2d 342, 346 (Mo.App. S.D. 1997).

Because the docket entry is not signed by the judge and is not denominated a "judgment," it is not a judgment as defined by Rule 74.01(a). Consequently, this appeal must be dismissed. *Hughes*, 950 S.W.2d at 852–53.

So ordered.

GARRISON, P.J., and PREWITT, J., concur.

