**Raymond Earl STIPP and Margie Nadine Stipp, Plaintiffs–Appellants,**

v.

**Larry MEADOWS, d/b/a Meadows Tristate Auto Salvage; Larry Meadows, d/b/a Larry Meadows Tristate Truck Salvage; Larry Meadows, Individually; and Nathan Meadows, Individually, Defendants–Respondents.**

No. 21747.

Missouri Court of Appeals, Southern District, Division One.

March 4, 1998.

Steven L. Groves, Robert S. Bogard, Schlichter, Bogard & Denton, St. Louis, for Plaintiffs–Appellants.

William J. Lasley, Flanigan, Lasley & Mouton, Carthage, for Defendants–Respondents.

PREWITT, Judge.

Following jury trial, the jury returned a verdict adverse to Plaintiffs' claims for personal injuries following an automobile collision. Plaintiffs' Notice of Appeal recites that the verdict and judgment were entered on February 18, 1997. Attached to the Notice of Appeal are docket sheets indicating that trial commenced on February 18, and ended on February 20, when the verdict was returned. The transcript confirms these dates. There is nothing in the docket sheets remotely resembling a judgment nor any entry on the docket sheets indicating a judgment was separately entered.

Under Rule 81.12(a), a legal file should always contain the judgment if that order is appealed from. Here, there is none. Under Rule 74.01(a), for there to be a judgment, it must be (1) in writing; (2) signed by the judge; (3) denominated "judgment"; and (4) filed. *Brooks v. Director of Revenue,* 954 S.W.2d 715, 716 (Mo.App.1997). *See also City of St. Louis v. Hughes,* 950 S.W.2d 850

(Mo.banc 1997). None of these requirements were met. Absent a judgment and the record does not show such, this Court does not have jurisdiction and must dismiss the appeal. *Brooks, supra.*

The appeal is dismissed.

GARRISON, P.J., and CROW, J., concur.