**Robert K. BALL, II, and David R. Odegard, Plaintiffs–Appellants,**

v.

**Hugh J. SHANNON, Defendant–Respondent.**

**No. 21815.**

Missouri Court of Appeals, Southern District, Division One.

March 5, 1998.

Motion for Rehearing and Transfer to Supreme Court Denied March 25, 1998.

Robert K. Ball, II, David R. Odegard, Kansas City, pro se.

Richard L. Anderson, Kimberling City, for Defendant–Respondent.

PREWITT, Judge.

Plaintiffs filed "Petition on Promissory Note." Defendant responded with a motion:

[A]sking the Court to dismiss this action for failure to state a claim upon which legal or equitable relief can be granted, for improper service of process, for improper venue, and for lack of jurisdiction of this Court over the subject matter, or, in the

---

alternative, and only if this motion to dismiss is overruled, moves to grant this Defendant a summary judgment....

 Following a hearing on the motion, the legal file, the only record before us, reflects that the parties' attorneys were sent a letter from the secretary of Presiding Judge Eiffert stating the following:

*The following docket entry was made June 6, 1997, in the above cause:*

*Motion to dismiss sustained; cause dismissed.*

*/s/ Judge Eiffert*

 No copies of the docket sheet or sheets are in the legal file, nor is there any other purported order or judgment shown. Attached to the notice of appeal, apparently to reflect the judgment or order appealed from, is a copy of this letter.

Obviously, this letter does not comply with Rule 74.01(a). That rule requires that for there to be a judgment, it must be (1) in writing; (2) signed by a judge; (3) denominated "judgment"; and, (4) filed. **Brooks v. Director of Revenue,** 954 S.W.2d 715, 716 (Mo.App.1997). *See also* **City of St. Louis v. Hughes,** 950 S.W.2d 850 (Mo.banc 1997).

 Even if there is a docket entry in accordance with the letter, that would still be insufficient upon which to base an appeal. An order dismissing a petition for failure to state a claim must meet the judgment requirements of Rule 74.01(a). *See* **Chambers v. Easter Fence Co., Inc.,** 943 S.W.2d 863 (Mo.App.1997). If such a docket entry was made it might be sufficient as to requirements 1, 2, and 4. However, if it is not denominated a "judgment," and nothing indicates that it was, there is no judgment from which an appeal lies in this situation. **Chambers,** 943 S.W.2d at 865–66. Absent a judgment this Court does not have jurisdiction and must dismiss the appeal. **Brooks,** *supra.*

The appeal is dismissed.

GARRISON, P.J., and CROW, J., concur.