**David Merrill SCATES, Petitioner–Respondent,**

v.

**Donna Faye (Scates) BARTON, Respondent,**

**and**

**Director, Division Of Child Support Enforcement, Respondent–Appellant.**

**No. 21814.**

Missouri Court of Appeals,
Southern District,
Division One.

March 18, 1998.

James M. McCoy, Department of Social Services, Division of Legal Services, Jefferson City, for Appellant.

No brief filed, for Respondent.

PREWITT, Judge.

Appellant seeks to appeal from the trial court's order setting aside a "Modification Decision and Order" filed by the Division of Child Support Enforcement. In Appellant's brief, it states that it is appealing "from a judgment entered June 12, 1997 and made final with the denial of Appellant's Motion for Reconsideration August 19, 1997 by the Circuit Court of Iron County."

Rule 74.01(a), effective January 1, 1995, states: "A judgment is entered when a writing signed by the judge and denominated 'judgment' is filed. The judgment may be a separate document or included on the docket sheet of the case." *See Chambers v. Easter Fence Co., Inc.,* 943 S.W.2d 863, 865 (Mo. App.1997).

The index of the legal file in this appeal notes that the "Judgment Appealed From" is located at page number 60. On page 60 is an otherwise blank sheet of paper with only the word "Judgment" in bold print in the middle of the page. Obviously, this sheet of paper does not comply with Rule 74.01(a).

A docket entry may meet the requirement of Rule 74.01(a), which could allow appellate review of this case. This court has reviewed the docket entries, including both dates referred to by Appellant in its brief referred to above, and has found that neither entry meets the requirements of Rule 74.01(a) in that neither entry is denominated "judgment," nor does that word appear anywhere in the entries. Absent a judgment, this court does not have jurisdiction and must dismiss the appeal. *Brooks v. Director of Revenue*, 954 S.W.2d 715, 716 (Mo.App. 1997).

The appeal is dismissed.

GARRISON, P.J., and CROW, J., concur.