**Kelly S. COOPER (formerly Kelly S. Lizotte), Appellant,**

v.

**John LIZOTTE, Jr. and A. Patricia Lizotte, Respondents.**

No. 21788.

Missouri Court of Appeals, Southern District, Division One.

March 25, 1998.

child born November 8, 1994, and Respondents, the child's paternal grandparents, concerning Respondents' visitation with the child.[1]

On April 23, 1996, the trial court entered a judgment awarding Respondents: (a) one 24–hour "overnight visit" with the child every six weeks and (b) one six-hour "visit" with the child every six weeks. Each six-hour visit was to occur three weeks after each 24–hour visit. The judgment described in this paragraph is henceforth referred to as "the 1996 judgment."

On February 26, 1997, Respondents filed two motions in the trial court. One motion prayed the court to cite Appellant for contempt for disobeying the 1996 judgment, and to order Appellant to pay Respondents' attorney fees. The other motion prayed the court to modify the 1996 judgment by awarding Respondents "expanded visitation rights."

Appellant answered the motion for contempt by denying any disobedience of the 1996 judgment and praying for attorney fees. Appellant answered the motion to modify by denying that Respondents were entitled to additional visitation, and praying for attorney fees.

Additionally, Appellant filed a "cross petition" praying the trial court to modify the 1996 judgment by limiting Respondents to visitation with the child no more frequently than once every ninety days.

The trial court heard evidence April 17, 1997.

The record on appeal contains a docket sheet displaying an entry dated June 23, 1997, purporting to modify the 1996 judgment by limiting Respondents to "one overnight visit [with the child] every six weeks" from "9:00 a.m. until 12 noon the following day."

Appellant brings this appeal from that entry, even though it ostensibly reduces Re-

Roger Carlin, Evenson, Carlin & LePage, Pineville, for appellant.

Terence D. Prigmore, Joplin, for respondents.

CROW, Judge.

This appeal arises from a dispute between Appellant, the mother (and custodian) of a

---

1. The statute pertinent to the dispute is § 452.402, RSMo 1994. It was amended effec- tive July 1, 1997, by Laws of Missouri 1996, H.S.H.C.S.S.S.S.C.S.S.B. 869, pp. 879–937.

spondents' frequency of contact with the child.

Rule 74.01, Missouri Rules of Civil Procedure (1997), the version in effect June 23, 1997,[2] reads, in pertinent part:

> "(a) **Included Matters.** 'Judgment' as used in these rules includes a decree and any order from which an appeal lies. A judgment is rendered when entered. A judgment is entered when a writing signed by the judge and denominated 'judgment' is filed. The judgment may be a separate document or included on the docket sheet of the case.
>
> **(b)** . . . ."

The entry of June 23, 1997, in the instant case is not signed by the judge[3] and is not denominated a judgment.

Although the word "judgment" appears in the entry, the context reveals the word refers to the trial court's belief that Respondents are entitled to reasonable visitation. It is manifest from the context that the word "judgment" was not utilized to denominate the entry a judgment.

Because the entry is not signed by the judge and is not denominated a judgment, it fails to satisfy the requirements for a judgment in Rule 74.01(a). Consequently, the entry is unappealable. *City of St. Louis v. Hughes*, 950 S.W.2d 850, 853[2] and [3–5] (Mo. banc 1997). This court, mindful of its duty to determine appealability *sua sponte*, *Committee for Educational Equality v. State*, 878 S.W.2d 446, 450[1] (Mo. banc 1994), must dismiss this appeal. *Hughes*, 950 S.W.2d at 852–53.

There is another, and equally compelling, reason that this court must dismiss this appeal.

As reported earlier, one of the issues before the trial court at the hearing April 17, 1997, was whether to hold Appellant in contempt for disobeying the 1996 judgment.

At the conclusion of the evidence, the trial court remarked: "I don't find that this is a case for contempt." That verbal finding, however, is not memorialized in the June 23, 1997, entry or in any other document satisfying the requirements of Rule 74.01(a) for a judgment.

Additionally, as also reported earlier, each side prayed for attorney fees. At the conclusion of the evidence, the trial court remarked: "I'll think about the attorney fees issue." No ruling on attorney fees appears in the June 23, 1997, entry or in any other document satisfying the requirements of Rule 74.01(a) for a judgment.

An appeal may be taken from only a final judgment. *Green v. City of St. Louis*, 870 S.W.2d 794, 798[12] (Mo. banc 1994). A final judgment disposes of all issues and leaves nothing for future determination. *Id.* A judgment resolving fewer than all issues is unappealable unless the trial court exercises the authority conferred by Rule 74.01(b). *Boley v. Knowles*, 905 S.W.2d 86, 88 (Mo. banc 1995). That rule authorizes a trial court to enter judgment as to one or more, but fewer than all, claims upon an express determination that there is no just reason for delay. *Id.* The record on appeal in the instant case contains no judgment reciting such a determination. Consequently, even had the entry of June 23, 1997, satisfied the requirements of Rule 74.01(a) for a judgment, it would be unappealable because it fails to resolve all issues.

In that regard, the entry of June 23, 1997, does not specifically deny Respondents' motion to modify the 1996 judgment, nor does it specifically grant Appellant's "cross

---

**2.** A new version of Rule 74.01 will take effect July 1, 1998. *See:* Missouri Court Rules Vol. I, pp. 311–12 (West 1998).

**3.** The typewritten initials "JD" appear at the end of the entry. In *Kessinger v. Kessinger*, 935 S.W.2d 347, 349[1] (Mo.App. S.D.1996), this court held a judge's handwritten initials satisfy the requirement of Rule 74.01(a) that the judgment be "signed by the judge." Assuming the initials "JD" are those of the judge, they would have been sufficient under *Kessinger* to satisfy the signature requirement had the judge written them.

petition" to modify the 1996 judgment. Although the trial court's decision of June 23, 1997, to reduce Respondents' frequency of contact with the child was tantamount to a denial of their motion to modify (*see: Skatoff v. Alfend*, 411 S.W.2d 169, 173[8] (Mo.1966)), it would be better practice for the trial court to specifically grant or deny each claim, thereby eliminating any question as to whether the judgment resolves all claims between all parties.

Appeal dismissed.

GARRISON, P.J., and PREWITT, J., concur.