**Katharyn LOWERY, Appellant,**

v.

**AIR SUPPORT INTERNATIONAL, INC., a Missouri corporation, Respondent.**

No. 22026.

Missouri Court of Appeals, Southern District, Division One.

June 22, 1998.

**3.** The part of § 452.410, RSMo 1986, quoted in M.F.M. remains the same in the 1994 revision of the statutes applicable to this case.

Mark E. Fitzsimmons, Fitzsimmons & Banning, L.L.C., Springfield, for appellant.

Cynthia R. Black, Marshfield, for respondent.

CROW, Judge.

Plaintiff, Katharyn Lowery, filed a petition for "Breach of Contract."

Defendant, Air Support International, Inc., filed a motion to dismiss.

According to the record before us, the next significant event occurred December 9, 1997. A typewritten entry on the trial court's "docket sheet" that date reads:

"Motion to dismiss sustained. TBS"

In addition to the docket entry, the record contains a one-page document that appears to be a facsimile transmission from the trial court to the circuit clerk. The document is dated December 9, 1997, and stamped "filed" by the clerk December 10, 1997. It is signed by the trial court and reads:

"Please show the following docket entry for me in this case 'Motion to Dismiss Sustained.' "

The next activity in the case was the filing of a notice of appeal by Plaintiff.

Rule 74.01(a), Missouri Rules of Civil Procedure (1997), the version in effect December 9–10, 1997, provides that a judgment is entered when: (1) a writing, (2) signed by the judge, (3) denominated "judgment" (4) is filed. *Brooks v. Director of Revenue*, 954 S.W.2d 715, 716[3] (Mo.App. S.D.1997).

The docket entry in the instant case fails to satisfy requirements 2 [1] and 3. The facsimile transmission in the instant case fails to satisfy requirement 3.

Where, as here, a trial court undertakes to dismiss a petition for failure to state a claim upon which relief can be granted, the court's order must meet the requirements of Rule 74.01(a) for a judgment. *Chambers v. Easter Fence Co., Inc.*, 943 S.W.2d 863, 865–66 (Mo. App. E.D.1997). Inasmuch as neither the docket entry nor the facsimile transmission in the instant case meets those requirements, neither is appealable. *Ball v. Shannon*, 964 S.W.2d 858, 859 (Mo.App. S.D.1998). Consequently, this court lacks appellate jurisdiction and must dismiss this appeal. *Id.*

Appeal dismissed.

GARRISON, P.J., and PREWITT, J., concur.

---

1. In *Kessinger v. Kessinger*, 935 S.W.2d 347, 349[1] (Mo.App. S.D.1996), this court held the judge's handwritten initials at the end of a docket entry satisfied requirement 2. However, the initials "TBS" at the end of the docket entry in the instant case are typewritten.