**STATE of Missouri ex rel. Arlee S. PATCHIN, Respondent,**

v.

**Robert Nelson WRIGHT, Appellant.**

No. 21882.

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 3, 1998.

Roy E. Williams, Jr., Henry, Henry, Henry, Engelbrecht & Williams, P.C., West Plains, for Appellant.

James M. McCoy, Department of Social Services, Jefferson City, for Respondent.

CROW, Judge.

On June 27, 1996, a "Petition for Judicial Review," ostensibly signed by a lawyer licensed by the State of Texas, was filed in the Circuit Court of Texas County, Missouri. The petition identified the Texas lawyer as attorney for Robert Nelson Wright.

The petition attacked a decision of an administrative hearing officer of the Missouri Department of Social Services dated May 31, 1996 ("the administrative decision"). The administrative decision recited that Wright[1] owed a "child support arrearage of $21,-250.00" arising from a 1980 Arizona decree of dissolution of marriage, as modified by the Arizona court in 1982.

We infer the petition was filed in Texas County, Missouri, because the Director of the Missouri Division of Child Support Enforcement ("DCSE") issued an "Income Withholding Order" dated June 5, 1996 (five days after the administrative decision), commanding Wright's employer in Dallas, Texas, to withhold a percentage of Wright's disposable earnings and pay the sums withheld to the Clerk of the Circuit Court of Texas County, Missouri ("the trial court").

On September 3, 1996, a Missouri lawyer representing Wright filed an "Amended Petition for Judicial Review" in the trial court, attacking the administrative decision.

DCSE responded with a motion to dismiss, accompanied by suggestions. Citing *State ex rel. Mather v. Carnes,* 551 S.W.2d 272, 288 (Mo.App.1977), the suggestions asserted the original petition was a nullity, as it was not filed by a Missouri lawyer and the person who signed it did not fulfill the requirements of "Rule 9.03."[2] The suggestions further maintained the flaw was not cured by the amended petition, as it was untimely in that it was filed more than thirty days after mailing of the notice of the administrative decision.

The trial court ultimately conducted a hearing August 5, 1997, on DCSE's motion to dismiss. The hearing consisted entirely of lawyers' arguments.[3]

At the conclusion of the hearing, the trial court announced: "[T]he motion to dismiss is granted." That same date, someone inscribed a handwritten entry on the "Docket Sheet." As best we can decipher it, the entry is:

"Plt appears by Mr McCoy; Mr. Williams appears for Resp.; Motion to Dismiss is heard; Ct finds that the original filing in this case to be a nullity and thus the court lacks jurisdiction to proceed; motion is sustained."

At the end of the entry are handwritten initials appearing to be "JW."

The next event of record occurred September 2, 1997, when Wright filed a notice of appeal.

While the appeal was pending, this court noted the docket entry of August 5, 1997, may not be appealable, as it may not satisfy the requirements of Rule 74.01(a) for a judgment. Accordingly, this court issued an order granting Wright an opportunity to show

---

1. For brevity, this opinion henceforth refers to Mr. Wright by his surname.

2. Rule 9.03 appears at page 100 in Missouri Rules of Court (West 1996). The rule is one of a series of rules denominated "Rules Governing the Missouri Bar and the Judiciary." Rule 9.03 permits a lawyer "in good standing of the bar of any court of record and not under suspension or

disbarment by the highest court of any state" to appear and participate in a case in a Missouri court under the conditions specified in the rule.

3. Wright filed a transcript of the hearing as part of the record on appeal. The reason for that escapes us, as no evidence or stipulation of fact appears in the transcript.

cause why the appeal should not be dismissed for lack of a judgment.[4]

Wright filed a response to this court's order within the time allowed.

Having studied Wright's response, this court holds the docket entry does not meet the requirements of Rule 74.01(a) for a judgment, as it is not denominated a "judgment" or "decree."[5] *City of St. Louis v. Hughes,* 950 S.W.2d 850, 852–53 (Mo. banc 1997).

In *Ball v. Shannon,* 964 S.W.2d 858 (Mo. App. S.D.1998), a party moved the trial court to dismiss a petition for sundry reasons including lack of jurisdiction. Following a hearing on the motion, the judge's secretary sent a letter to the parties' lawyers quoting a docket entry which sustained the motion. The entry was not denominated a judgment. An appeal was taken. The only purported judgment in the record on appeal was a copy of the letter.

This court held the docket entry quoted in the letter was unappealable because it failed to meet the requirements of Rule 74.01(a) for a judgment, as it was not denominated as

such. *Id.* at 859. This court further held that absent a judgment, this court has no jurisdiction and must dismiss the appeal. *Id.* *Accord: Chambers v. Easter Fence Company, Inc.,* 943 S.W.2d 863, 865–66 (Mo.App. E.D.1997).

The docket entry in the instant case is afflicted with the same fatal flaw that existed in *Ball* and *Chambers.* Consistent with those cases, this court holds the docket entry of August 5, 1997, is not a judgment, hence this court lacks jurisdiction of this purported appeal.[6]

Appeal dismissed.

PREWITT, P.J., and PARRISH, J., concur.

---

4. At the time this court issued its order, the version of Rule 74.01(a) in force was the version that took effect January 1, 1995. It read, in pertinent part:

"A judgment is entered when a writing signed by the judge and denominated 'judgment' is filed. The judgment may be a separate document or included on the docket sheet of the case."

A new version of Rule 74.01(a) took effect July 1, 1998. The new version inserts "or 'decree'" after "judgment" in the first sentence quoted above. As shall appear *infra,* the holding in this opinion is the same irrespective of which version applies.

5. Footnote 4, *supra.*

6. In *Kessinger v. Kessinger,* 935 S.W.2d 347, 349[1] (Mo.App. S.D.1996), this court held the judge's handwritten initials at the end of a docket entry satisfied the requirement of Rule 74.01(a) that a judgment be "signed by the judge." If the handwritten initials at the end of the entry in the instant case are indeed "JW" and were penned by the judge, they would satisfy the signature requirement.