**CERT C CORPORATION d/b/a Flint River Manufacturing, Inc., and American Classic Sportswear, Plaintiffs–Respondents,**

v.

**MONOGRAMS & MORE, INC., d/b/a Mowear, Inc., Defendant–Appellant.**

**No. 22207**

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 8, 1998.

Motion for Rehearing or Transfer to Supreme Court Denied Dec. 23, 1998.

would have been distorted.

Michael W. Silvey, Schnapp, Fulton, Fall, McNamara & Silvey, L.L.C., Fredericktown, for appellant.

Carl D. Kinsky, Ste. Genevieve, for respondent.

JOHN E. PARRISH, Judge.

Monograms & More, Inc., (defendant) attempts to appeal the dismissal without prejudice of an action brought by Flint River Manufacturing, Inc., (plaintiff) seeking payment for items plaintiff contends defendant contracted to buy. Plaintiff's petition was dismissed after trial had commenced and evidence had been introduced. The dismissal was at plaintiff's instance upon order of the trial court. *See* Rule 67.02(b).

Trial was begun November 7, 1997. Plaintiff presented evidence. The trial court's docket entry states, "Cause continued to December 19, 1997 at 1:00 P.M. in Perryville for further proceedings." The docket entry also reflects filing of defendant's motion in limine and motion for judgment on the pleadings; that those motions were taken under advisement.

A December 9, 1997, docket entry recites filing by plaintiff of a memorandum in opposition to the motions the trial court had under advisement. It further recites that plaintiff filed requests for leave to file an answer to defendant's counterclaim and an amended petition.

No further action was taken until January 5, 1998. A docket entry that date indicates a memorandum was entered by the trial court dismissing plaintiff's action and defendant's counterclaim without prejudice. A copy of the trial court's memorandum is included in the record filed in this court. It provides:

IN THE CIRCUIT COURT OF BOLLINGER COUNTY
AT MARBLE HILL, MISSOURI

CERT C CORPORATION, d/b/a
FLINT RIVER MANUFACTURING,
INC. and AMERICAN CLASSIC
SPORTSWEAR, Plaintiff,

v.

MONOGRAMS & MORE, INC.,
d/b/a MOWEAR, INC., Defendant

***MEMORANDUM***

On this 19th day of December, 1997, the Court calls the above matter. Plaintiff's motion for leave to file answer to defendant/counter-claim plaintiff's counter-claim is granted. Plaintiff's motion for leave to file amended petition is denied. Plaintiff moves to dismiss its cause of action without prejudice. Pursuant to Rule 67.02 of the Missouri Rules of Civil Procedure, the Court dismisses this action without prejudice over defendant's objection. Through stipulation of the parties, defendant's counter-claim is dismissed without prejudice. Court costs are taxed to each party equally.

So ordered!

*/s/ John W. Grimm 1/5/98*
Honorable John W. Grimm

The clerk's date-file stamp appears on the bottom, right-hand side of the document. The stamp recites the document was filed January 6, 1998.

The right to appeal is statutory. *Dudeck v. Ellis,* 376 S.W.2d 197, 204 (Mo.1964).

Section 512.020, RSMo 1994, permits appeals from final judgments. "A judgment is rendered when entered. A judgment is entered when a writing signed by the judge and denominated 'judgment' or 'decree' is filed." Rule 74.01(a).[1]

In *Chambers v. Easter Fence Co., Inc.,* 943 S.W.2d 863 (Mo.App.1997), the Eastern District of this court explained that Rule 74.01(a) requires that "a judgment must be (1) in writing, (2) signed by the judge, (3) denominated 'judgment,'[2] and (4) filed." *Id.* at 865. The document by which the trial court's ruling was made satisfies requirements (1), (2) and (4). It does not satisfy requirement (3) in that it was not denominated "judgment" (or "decree"). It is not a judgment under Rule 74.01(a). *See also City of St. Louis v. Hughes,* 950 S.W.2d 850, 853 (Mo. banc 1997). There being no judgment, this court has no jurisdiction to address the issues defendant attempts to pose. The appeal is dismissed without prejudice.[3]

PREWITT, P.J., and CROW, J., concur.

1. Before July 1, 1998, Rule 74.01(a) did not provide for a judgment being entered when a writing denominated "a decree" was filed. The 1998 amendment of the rule is of no consequence to the circumstances of this case.

2. *Chambers* was decided before the effective date of the 1998 amendment of Rule 74.01(a) that provides a judgment is entered when a writing denominated as either "judgment" or "decree" is filed.

3. Plaintiff filed a motion in this court seeking dismissal of the appeal for other reasons. The motion was taken with the case. It is moot.