**Lee Allen MARTIN, Appellant,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Respondent.**

**No. 23071**

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 15, 2000.

Lee Allen Martin, West Plains, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Presiding Judge.

This is a dispute about a revocation by the Director of Revenue ("Director") of the privilege of Lee Allen Martin ("Appellant") to operate a motor vehicle in Missouri. The case reaches this court by pro se [1] appeal from the Circuit Court of Howell County ("the trial court").[2] As henceforth explained, this court must dismiss the appeal for lack of an appealable judgment, a circumstance revealed by the following facts.[3]

On August 7, 1998, Director issued a notice ("the 1998 notice") to Appellant that his "privilege to drive a motor vehicle in Missouri" would be revoked September 8, 1998, for one year "for an accumulation of traffic convictions." The 1998 notice stated:

> "The points added to your record resulted from convictions we received and processed on the following date(s):
>
> 08/06/1998 DRIVE WHILE SUS/REV/DEN 12PTS
>
> You may be reinstated September 8, 1999, if you have no other active suspensions, revocations, cancellations, or denials and you submit to our office all requirements as listed on the second page of this notice.[ [4]]
>
> After you are reinstated, you will be required to pass the written and road tests for a new license."

For convenience, the above revocation is henceforth referred to as "the 1998 revocation."

---

1. Throughout this litigation, Appellant has appeared pro se in the trial court and on appeal.

2. Appellant commenced this appeal by filing a notice of appeal to the Supreme Court of Missouri on February 9, 1999. The Supreme Court issued an order June 29, 1999, stating: "Cause ordered transferred to the Missouri Court of Appeals, Southern District, where jurisdiction is vested. Mo. Const. art. V, sec. 11."

3. Some of the procedural skirmishes in the trial court are irrelevant to this court's holding, hence this opinion—unlike Appellant's brief—does not catalogue everything that occurred in the trial court.

4. The second page of the 1998 notice is not in the legal file.

On September 4, 1998, Appellant filed a petition for trial de novo in the trial court. The petition cited, *inter alia*, § 302.311, RSMo 1994.[5] The petition identified the adverse party as:

"State of Missouri, Respondent

Michael P. Hutchings, Attorney"[6]

The petition comprised four numbered paragraphs.

Paragraph 1 averred the 1998 revocation violated the "Double Jeopardy Clause" of the Fifth Amendment to the Constitution of the United States.

Paragraph 2 read:

"The final decision of the State of Missouri in this case is in contrast to the RSMo ... specifically 302.010(3) which defines 'conviction' as 'and the date of final judgment affirming the conviction shall be the date determining the beginning of any license suspension or revocation under section 302.304.' The State and this court is very aware that the final judgment affirming the decision of this trial court was issued on 2-9-98 by the Missouri Court of Appeals, Southern Division in Appeal # 21211-1, and if the director of revenue wants to start another revocation of a drivers license that has not been applied for or issued it must start on 2-9-98 and therefore, end on 2-9-99."[7]

Paragraph 3 read:

"The State of Missouri can not revoke what it has not issued. No privilege has been applied for and therefore the State having not granted privilege to drive to Mr. Martin is in no way in the capacity to revoke a privilege that does not exist."

Paragraph 4 read:

"The State of Missouri has held the defendant's driving privilege revoked since August 13, 1992 and has never reinstated driving privilege of Mr. Martin. To hold a non existent license up to multiple revocations stemming from the same incident is a violation of double jeopardy clause."

The petition contained no prayer for relief.

On October 5, 1998, the trial court held a hearing attended by Appellant and an assistant prosecuting attorney ("the APA") of Howell County. At the APA's request, and over Appellant's objection, the trial court announced it would "strike ... Michael P. Hutchings as a named respondent for reason that he is not a proper party defendant."

---

5. Section 302.311, RSMo 1994, reads:

"In the event ... that a license is ... revoked by the director, the ... licensee so aggrieved may appeal to the circuit court of the county of his residence in the manner provided by chapter 536, RSMo, for the review of administrative decisions at any time within thirty days after notice ... that a license is ... revoked. Upon such appeal the cause shall be heard de novo and the circuit court may ... sustain the ... revocation by the director, set aside or modify the same, or revoke such license. Appeals from the judgment of the circuit court may be taken as in civil cases. The prosecuting attorney of the county where such appeal is taken, shall appear in behalf of the director, and prosecute or defend, as the case may require."

6. According to the Official Manual, State of Missouri 1997–1998, p. 772, Michael P. Hutchings was Prosecuting Attorney of Howell County.

7. The conviction referred to in paragraph 2 was evidently Appellant's 1996 conviction, per jury trial, for operating a motor vehicle while his driver's license and driving privilege were revoked. § 302.321, RSMo 1994. In appeal number 21211, this court affirmed the conviction by an unpublished order accompanied by a memorandum per Rule 30.25, Missouri Rules of Criminal Procedure (1998). The order and memorandum were filed February 9, 1998. Appellant thereafter filed a motion for rehearing or, in the alternative, to transfer the case to the Supreme Court of Missouri. This court denied the motion March 2, 1998. Appellant then filed an application to transfer in the Supreme Court of Missouri. That was denied April 21, 1998. This court's mandate was issued April 24, 1998.

The APA then asked the trial court to dismiss Appellant's petition because "it does not state a claim upon which relief can be granted."

Appellant responded:

"I do not ask for a license because I've not applied for a license, I'm too blind to drive. I only ask that the revocation be taken off of this so-called presumed privilege I've not applied for."

The trial court ruled:

"I will dismiss the petition for failure to state a cause of action. I will give you fifteen days to file ... an amended petition if you want to make another run at it."

The trial court wrote an entry on the docket sheet confirming the above ruling. Immediately following the entry are hand-written initials appearing to be "RJG." [8]

On October 15, 1998, Appellant filed a first amended petition in the trial court. The first amended petition identified the adverse party as:

"Director of Revenue

State of Missouri, Respondent

Michael P. Hutchings, Attorney"

The first amended petition comprised five numbered paragraphs. The first four were essentially the same as the first four in the original petition. Paragraph 5 of the first amended petition read:

"The Director of Revenue at no time notified the petitioner of any action on a nonexistent driver's license in violation to RSMo 536.067 and therefore reviewable pursuant to RSMo 536.140.2(5)."

The first amended petition ended with a prayer asking the trial court to:

"1.   Find director's final decision be unconstitutional and beyond the scope of the statutes of the State of Missouri; and,

2.   Order the agency to reinstate the petitioner's driving privilege; or,

3.   In alternative, pursuant to RSMo 536.140.5 the Court modify the final decision of the Director of Revenue to 2–9–99 as a reinstatement date; and grant any other such relief that this court may feel it is constitutionally empowered to do."

On November 2, 1998, Director filed an answer to Appellant's first amended petition. The answer was signed by an "Associate Counsel" of the Department of Revenue. The answer responded to the allegations of Appellant's first amended petition but did not attack it for jurisdictional or venue deficiencies.

On December 21 1998, the APA, on Director's behalf, filed a motion to dismiss Appellant's first amended petition. The motion pled that pursuant to § 536.110.3, RSMo 1994, "the venue of this case shall, at the choice of Petitioner, be in the Circuit Court of Cole County, Missouri or in the county of the plaintiff's residence." Continuing, the motion averred the trial court "is not located in Cole County" and "Petitioner does not state in his Petition he is a resident of Howell County Missouri." The motion asked the trial court to dismiss "Petitioner's Petition."

That same day (December 21, 1998) the trial court held a hearing attended by Appellant and the APA. The APA told the trial court it had no "personal jurisdiction" to hear the case.

In response, Appellant pointed out an address (7050 County Rd. 2810, West Plains, Missouri 65775) that appeared beneath his signature on the first amended petition. Appellant argued: "I've ran for office here in the county ... I was ... in the county jail here."

After further discussion among the trial court, the APA and Appellant, the trial

8.   The judge who presided over this action in the trial court was The Honorable R. Jack    Garrett.

court announced it would rule "within the next couple of days."

Later that same day (December 21, 1998), a handwritten entry was penned on the docket sheet. The entry, as best this court can decipher it, reads:

"m/dismiss is sustained for lack of allegation(s) re venue/jurisdiction—RJG[ [9]]—copies to counsel–"

On December 28, 1998, Appellant filed two motions in the trial court. In one, Appellant asked for leave to file a second amended petition; the second amended petition accompanied the motion. In the other, Appellant asked for a nunc pro tunc order to correct the docket entry of December 21, 1998.

On January 22, 1999, the APA, on Director's behalf, filed a motion to dismiss Appellant's first amended petition and "all subsequent Pleadings."[10]

On February 1, 1999, the trial court held a hearing attended by Appellant and the APA. The trial court expressed a belief that: (a) although Appellant's motions of December 28, 1998, were filed within thirty days after the court's ruling of December 21, 1998, the court had to act on Appellant's motions within thirty days after December 21, 1998, and (b) inasmuch as the court had not acted within those thirty days, the court no longer had "any jurisdiction at this time."

The next day (February 2, 1999), the trial court signed and filed a document denominated "Order." It stated, *inter alia:*

"On December 21, 1998, the *First Amended Petition* of Petitioner was dismissed for lack of a complete statement of cause of action. Thirty days thereaf-

ter this Court lost any jurisdiction except as may be conferred in special circumstances which do not exist herein.

... This cause remains finally dismissed pursuant to the entry of December 21, 1998."

Appellant filed a notice of appeal February 9, 1999.[11] The first of his two points relied on is:

"The Trial court ... did abuse its discretion by refusing to acknowledge the Subject Matter Jurisdiction that did and does properly lie in said court. The Trial Court did dismiss the Trial De Novo action on department's Motion to Dismiss on an alleged technical defect which did deny the appellant/plaintiff due process of law, by not allowing the plaintiff/appellant to challenge the unconstitutional revocation of his drivers license beyond the statutory limits provided by law."

Director responds by arguing that Appellant's first amended petition (filed October 15, 1998) was untimely "and failed to vest the court below with jurisdiction." Based on that hypothesis, Director maintains, "Appellant's appeal herein is untimely."

Director cites *Renfro v. Director of Revenue,* 810 S.W.2d 723 (Mo.App. E.D. 1991). There, the trial court dismissed a timely petition under § 302.311, RSMo 1986,[12] for "failure to state a claim upon which relief can be granted." *Id.* at 725. The trial court allowed the petitioner twenty days to file an amended petition. *Id.* The petitioner filed an amended petition within that period. *Id.* Nonetheless, the appellate court held the amended petition "failed to meet the jurisdictional require-

---

9. Footnote 8, *supra.*

10. The motion averred, *inter alia,* that on December 21, 1998, the trial court "dismissed Petitioner's First Amended Petition for lack of allegations of venue and jurisdiction." Why the APA was again asking the trial court to dismiss Appellant's first amended petition is unexplained in the motion.

11. Footnote 2, *supra.*

12. Section 302.311, RSMo 1986, was carried forward unchanged in RSMo 1994. It is set forth in pertinent part in footnote 5, *supra.*

ment of the statute authorizing the trial court's jurisdiction to hear the appeal." *Id.* The opinion rejected the petitioner's argument that the amended petition "should relate back to the dismissed petition for purposes of the jurisdictional requirement." *Id.* The opinion explained:

> "While we find cases allowing the relation back of an amended pleading where the original pleading was not abandoned, we are not cited to nor find any cases allowing relation back when a pleading has been dismissed for failure to state a cause of action."

*Id.*

Superficially, Director's reliance on *Renfro* appears sound. However, as henceforth explained, it is faulty.

The flaw is that no appealable judgment was ever entered by the trial court.

The version of Rule 74.01 in Missouri Rules of Civil Procedure (1999) took effect July 1, 1998, hence it was in force throughout the time this case was lodged in the trial court. Rule 74.01(a) reads, in pertinent part:

> "A judgment is entered when a writing signed by the judge and denominated 'judgment' or 'decree' is filed. A judgment may be a separate document or included in the docket sheet of the case."

There were only three occasions in the instant case where the trial court entered anything that might arguably be considered a judgment: (1) the docket entry of October 5, 1998, (2) the docket entry of December 21, 1998, and (3) the order of February 2, 1999.

■ Neither entry 1 nor entry 2 was a judgment because neither was denominated such. As explained in *Lowery v. Air Support International, Inc.,* 971

S.W.2d 323, 324 (Mo.App. S.D.1998), a judgment is entered when: (1) a writing, (2) signed by the judge,[13] (3) denominated "judgment," (4) is filed.

■ Where, as here, a trial court undertakes to dismiss a petition for failure to state a claim upon which relief can be granted, the court's ruling, in order to be appealable, must meet the requirements of Rule 74.01(a) for a judgment. *Lowery,* 971 S.W.2d at 324; *Chambers v. Easter Fence Co., Inc.,* 943 S.W.2d 863, 865–66 (Mo.App. E.D.1997). Inasmuch as neither entry 1 nor entry 2 satisfied Rule 74.01(a), neither was appealable. *Lowery,* 971 S.W.2d at 324; *Ball v. Shannon,* 964 S.W.2d 858, 859 (Mo.App. S.D.1998).

■ Entry 3—the order of February 2, 1999—likewise failed to meet the requirements of Rule 74.01(a), as it was not denominated a judgment. Furthermore, it did not purport to be a judgment. The order expressed the trial court's belief that the court lost jurisdiction over the case thirty days after entry 2 (December 21, 1998), and the case was "finally dismissed" pursuant to entry 2.

Because no appealable judgment has been entered, this court lacks appellate jurisdiction and must dismiss this appeal. *Lowery,* 971 S.W.2d at 324; *Ball,* 964 S.W.2d at 859.

Appeal dismissed.[14]

PARRISH and SHRUM, JJ., concur.

---

**13.** As reported earlier, entries 1 and 2 bear the handwritten initials "RJG" (inferably those of the trial court). In *Kessinger v. Kessinger,* 935 S.W.2d 347, 349[1] (Mo.App. S.D. 1996), this court held the judge's handwritten initials at the end of a docket entry satisfied requirement 2.

**14.** It may have occurred to a perspicacious reader that inasmuch as (1) the 1998 notice informed Appellant his driver's license could be reinstated September 8, 1999, upon meeting the applicable requirements, and (2) that date has long since passed, Appellant's challenge to the 1998 revocation is now moot. As

a general rule neither appellate nor trial courts will determine moot cases. *Personal Finance Co. of Missouri v. Day*, 349 Mo. 1139, 164 S.W.2d 273, 274[5] (1942). However, this court does not reach the mootness issue because the absence of an appealable judgment requires this court to dismiss this appeal for lack of appellate jurisdiction. After this court issues its mandate, the trial court, in determining what judgment it should enter, can consider whether Appellant's challenge is moot.