**In re the Marriage of Lori HUBBS, Petitioner–Respondent,**

v.

**Thomas HUBBS, Respondent– Appellant.**

**No. 23957.**

Missouri Court of Appeals, Southern District, Division One.

Jan. 8, 2002.

Richard D. Bender, Springfield, for Respondent–Appellant.

No appearance for Petitioner–Respondent.

MONTGOMERY, Judge.

On July 21, 2000, the trial court signed and filed a "Judgment and Decree of Dissolution of Marriage" ending the marriage of Lori Hubbs (Lori) and Thomas Hubbs (Thomas). The decree also divided the parties' property, determined custody and visitation concerning the parties' three children, awarded Lori child support of $1,916 per month, and awarded her nonmodifiable "rehabilitative maintenance" of $1,000 monthly for three years plus modifiable "permanent maintenance" of $500 monthly. The decree further provided that Lori was entitled to the tax dependency deduction for the minor children.

Thomas filed a Motion for New Trial on August 18, 2000, making various complaints about the child support award, the tax dependency deduction, and the award of permanent maintenance. After hearing this motion, the trial court made the following docket entry on November 9, 2000:

Plt appears by Mr. White; Def appears by Mr. Bender;[1] Def's motion for new trial is argued and the Court makes the following order: new trial denied; original judgment is amended as follows: Def shall pay the following amount as child support beginning Aug. 1, 2000 through Clerk as trustee: for thirty six months (the period of rehabilitative maintenance) the Def shall pay the sum

---

1. "Plt" refers to Lori. "Def" refers to Thomas.

of $1,648.00 monthly; thereafter, the Def shall pay the sum of $1827.00 monthly; Def shall be allowed to claim the children as dependents for tax purposes provided that Def has fully paid his child support for the tax year. The remainder of the Courts finding and judgment remain as stated. JDW

Thomas appeals. In his four points relied on, three of those points attack the award of child support described in the November 9, 2000, docket entry. The remaining point relates to the award of "permanent maintenance."

Rule 74.01(a),[2] in part, reads:

"Judgment" as used in these rules includes a decree and any order from which an appeal lies. A judgment is rendered when entered. A judgment is entered when a writing *signed by the judge and denominated "judgment" or "decree"* is filed.

(Emphasis added.)

The docket entry here fails to satisfy two requirements for a judgment in Rule 74.01(a). First, the entry is not signed by the judge.[3] Second, the entry is not denominated a "judgment."

The word "judgment" is used twice in the docket entry, but each time the word is used only with reference to the original judgment of dissolution of marriage. Under identical circumstances, in *Hoy v. Hoy,* 961 S.W.2d 128 (Mo.App.1998), this Court held that a docket entry using the word "judgment" only with reference to an earlier judgment "does not satisfy the requirement of Rule 74.01(a) that the writing be denominated a 'judgment.'" *Id.* at 129.

---

**2.** Rule references are to Missouri Court Rules (2001).

**3.** In *Kessinger v. Kessinger,* 935 S.W.2d 347, 349 (Mo.App.1996), this Court held that a judge's handwritten initials satisfy the re-

*See also City of St. Louis v. Hughes,* 950 S.W.2d 850, 853 (Mo. banc 1997).

Because the docket entry is not signed by the judge and is not denominated a "judgment," it is not a judgment as required by Rule 74.01(a). Consequently, this Court lacks appellate jurisdiction and must dismiss the appeal. *Ball v. Shannon,* 964 S.W.2d 858, 859 (Mo.App.1998).

Appeal dismissed.

SHRUM, P.J., and BARNEY, C.J., concur.

quirement of Rule 74.01(a) that the judgment be "signed by the judge." However, neither a signature nor handwritten initials appear on the docket entry in this case.