Harold W. GRISSUM, Plaintiff–Respondent,

v.

Joyce C. (Grissum) SOLDI, Defendant–Appellant.

No. 24890.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 31, 2002.

Raymond I. Plaster, Springfield, for Defendant–Appellant.

Gregory J. Smith, Smith & Fels, P.C., Springfield, for Plaintiff–Respondent.

KERRY L. MONTGOMERY, Presiding Judge.

Joyce C. (Grissum) Soldi appeals from a docket entry dated April 4, 2002, in which the trial court dismissed her motion to quash the garnishment of her ex-husband. Soldi primarily contends the trial court erred in deciding that Soldi's obligation to her ex-husband was not a debt dischargeable in bankruptcy. We do not reach the merits of that contention because the docket entry is not a judgment under Rule 74.01(a).[1]

■ "Even though not raised by the parties, an appellate court is obliged to notice, *sua sponte*, matters preventing it from obtaining jurisdiction." *Williams v. Westrip*, 917 S.W.2d 590, 591 (Mo.App. 1996). " 'A prerequisite to appellate review is that there be a final judgment.' " *Id.* (quoting *Committee for Educational Equality v. State*, 878 S.W.2d 446, 450 (Mo. banc 1994)).

Rule 74.01(a) provides, in pertinent part:

"Judgment" as used in these rules includes a decree and any order from which an appeal lies. A judgment is rendered when entered. A judgment is entered when a writing signed by the judge and denominated "judgment" or "decree" is filed. The judgment may be a separate document or entry on the docket sheet of the case.

■ Under Rule 74.01(a), "a judgment must be (1) in writing, (2) signed by the judge, (3) denominated 'judgment,' and (4) filed." *Chambers v. Easter Fence Co., Inc.*, 943 S.W.2d 863, 865 (Mo.App.1997). In this case, the docket entry is not signed

---

1. Rule references are to Missouri Court Rules (2002).

by the judge nor is it denominated a judgment. Therefore, the docket entry is not a judgment under the rule.

We observe that the typewritten initials "DEB" appear at the end of the docket entry in this case. These initials are those of the trial judge. In *Kessinger v. Kessinger*, 935 S.W.2d 347, 349 (Mo.App.1996), this Court held that a judge's handwritten initials satisfy the requirement that the judgment be "signed by the judge" under Rule 74.01(a). However, in *Cooper v. Lizotte*, 965 S.W.2d 894, 896 n. 3 (Mo.App. 1998), we explained that typewritten initials of the judge are insufficient to satisfy the signature requirement. Consequently, the typewritten initials of the judge in this case cannot be viewed as a signature.

Finally, in *City of St. Louis v. Hughes*, 950 S.W.2d 850 (Mo. banc 1997), our Supreme Court explained the "denomination" requirement under Rule 74.01(a). The Court said that "[w]hether the designation 'judgment' appears as a heading at the top of the writing, within the body of the writing in some other manner, or in the entry on the docket sheet, it must be clear from the writing that the document or entry is being 'called' a 'judgment' by the trial court." *Id.* at 853.

Here, the word "judgment" is used in the body of the docket entry but only with reference to the parties' earlier dissolution of marriage judgment. Under identical circumstances in *Hoy v. Hoy*, 961 S.W.2d 128 (Mo.App.1998), this Court held that a docket entry using the word "judgment" only with reference to an earlier judgment "does not satisfy the requirement of Rule 74.01(a) that the writing be denominated a 'judgment.'" *Id.* at 129.

Because the docket entry in this case is not signed by the judge and is not denominated a judgment, it does not satisfy the requirements of Rule 74.01(a). In the absence of a final judgment, this Court lacks appellate jurisdiction, and the appeal must be dismissed. *Ball v. Shannon*, 964 S.W.2d 858, 859 (Mo.App.1998).

Appeal dismissed.

BARNEY, J., and RAHMEYER, C.J., concur.