**Philip Scott BOATRIGHT and Tobey Lynn Boatright, Plaintiffs–Appellants,**

**v.**

**Delores Irene BOATRIGHT, Personal Representative of the Estate of Robert Charles Boatright, Defendant–Respondent.**

No. 24744.

Missouri Court of Appeals, Southern District, Division One.

Dec. 26, 2002.

Robert W. Richart, Tomie K. Parsons, Joplin, for Plaintiffs–Appellants.

W. Henry Johnson, Sims, Johnson, Wood & Farber, Neosho, for Defendant–Respondent.

KERRY L. MONTGOMERY, Presiding Judge.

Plaintiffs appeal from an "Order" sustaining Defendant's motion for summary judgment. We do not address Plaintiffs' contentions on appeal because the Order, a single-page document, is not denominated a judgment as required by Rule 74.01(a).[1]

"Even though not raised by the parties, an appellate court is obliged to notice, *sua sponte,* matters preventing it from obtaining jurisdiction."

*Williams v. Westrip,* 917 S.W.2d 590, 591 (Mo.App.1996). "'A prerequisite

---

1. Rule references are to Missouri Court Rules (2002).

to appellate review is that there be a final judgment.'" *Id.* (quoting *Committee for Educational Equality v. State,* 878 S.W.2d 446, 450 (Mo. banc 1994)).

Rule 74.01(a) provides, in pertinent part:

"Judgment" as used in these rules includes a decree and any order from which an appeal lies. A judgment is rendered when entered. A judgment is entered when a writing signed by the judge and denominated "judgment" or "decree" is filed. The judgment may be a separate document or entry on the docket sheet of the case.

■ . Under Rule 74.01(a), "a judgment must be (1) in writing, (2) signed by the judge, (3) denominated 'judgment,' and (4) filed." *Chambers v. Easter Fence Co., Inc.,* 943 S.W.2d 863, 865 (Mo.App.1997). In this case, the Order is not denominated a judgment. Therefore, it is not a judgment under the rule.

In *City of St. Louis v. Hughes,* 950 S.W.2d 850 (Mo. banc 1997), our Supreme Court explained the "denomination" requirement under Rule 74.01(a). The Court said that "[w]hether the designation 'judgment' appears as a heading at the top of the writing, within the body of the writing in some manner, or in the entry on the docket sheet, it must be clear from the writing that the document or entry is being 'called' a 'judgment' by the trial court." *Id.* at 853.

In this case, the word "judgment" is used in the Order but only with reference to Defendant's motion for summary judgment. In *Hoy v. Hoy,* 961 S.W.2d 128, 129 (Mo.App.1998), this Court held that a docket entry using the word "judgment" only with reference to an earlier judgment "does not satisfy the requirements of Rule 74.01(a) that the writing be denominated a 'judgment.'" Here, as in *Hoy,* the trial court's Order does not make clear that it is being called a judgment.

This case is unlike *M & H Enterprises v. Tri–State Delta Chemicals, Inc.,* 35 S.W.3d 899, 901–02 (Mo.App.2001), where we held that a docket entry sustaining a motion for summary judgment was properly denominated a judgment per Rule 74.01(a). There, the docket entry recited that the motion for summary judgment was sustained and further stated that "Summary Judgment entered accordingly." We said this statement sufficient denominated the docket entry as a judgment because the trial court "called" the text of its entry a judgment. *Id.* at 902.

Here, the Order merely sustained the motion for summary judgment without reciting that a summary judgment was entered. With this omission, the Order fails to make clear that it is being "called" a judgment.

Because the Order in this case is not denominated a judgment, it does not satisfy the requirements of Rule 74.01(a). In the absence of a final judgment, this Court lacks appellate jurisdiction, and the appeal must be dismissed. *Ball v. Shannon,* 964 S.W.2d 858, 859 (Mo.App.1998).

Appeal dismissed.

GARRISON and BARNEY, JJ., concur.