**SOUTHWESTERN BELL YELLOW PAGES, Plaintiff/Respondent,**

v.

**ADJUSTERS, INC., Defendant/Appellant.**

No. ED 87302.

Missouri Court of Appeals, Eastern District, Division Five.

April 4, 2006.

James Nymark Fendelman, Clayton, MO, for plaintiff/respondent.

Arthur G. Muegler, Jr., Saint Louis, MO, for defendant/appellant.

GLENN A. NORTON, Chief Judge.

Adjusters, Inc. (Appellant) appeals from an order denying his motion to quash execution and garnishment. We dismiss the appeal.

This Court must determine *sua sponte* whether it has jurisdiction to entertain this appeal. If we lack jurisdiction, we should dismiss the appeal. *Bryant v. City of University City*, 105 S.W.3d 855, 856 (Mo. App. E.D.2003). "To invoke this Court's jurisdiction, parties must appeal a written decree or order which has been signed by the trial judge and denominated a 'judgment.'" *Jon E. Fuhrer Co. v. Gerhardt*, 955 S.W.2d 212, 213 (Mo.App. E.D.1997); Rule 74.01(a). In designating the writing a "judgment," it must be clear from the writing that the trial court is calling the document or docket sheet entry a judgment. *City of St. Louis v. Hughes*, 950 S.W.2d 850, 853 (Mo. banc 1997).

Here, the order denying Appellant's motion to quash is not denominated a "judg-

ment." We issued an order directing Appellant to show cause why his appeal should not be dismissed and providing Appellant an opportunity to ask the circuit court to enter a judgment that complied with Rule 74.01(a). Appellant has failed to respond to our order and has not filed a judgment complying with Rule 74.01(a). While the denial of a motion to quash execution is appealable, it must be denominated a judgment under Rule 74.01(a) or this Court lacks jurisdiction. *Brooks v. Brooks*, 98 S.W.3d 530, 532 (Mo. banc 2003); *Grissum v. Soldi*, 87 S.W.3d 915, 917 (Mo.App. S.D.2002).

We dismiss the appeal without prejudice for lack of a final, appealable judgment.

ROBERT G. DOWD, JR., J. and BOOKER T. SHAW, J., concurring.